THE TOWN OF CARROLLTON *v.* W. JONES AND WIFE.

Towns and cities may be projected, and streets, public squares and roads, may be laid out on plans; but so long as the ground remains enclosed and no portion of it is sold with reference to those plans, and no express dedication is made and accepted by the proper authority, the right of the owner to the soil which those streets, public squares and roads cover, is not affected thereby.

No particular form of words is necessary to effect a dedication to public use; but to render it binding, it is necessary not only that there be some act of dedication on the part of the owner, but there must also be something equivalent to an acceptance on the part of the public. In analogy to other contracts, the concurrence of two parties is necessary to pass the right.

When neither the dedication nor the acceptance are express, the rights claimed in behalf of the public, must be supported by long continued usage.

APPEAL from the District Court of the Third Judicial District, *J. Calvitt Clarke,* J. *Roselius,* for plaintiffs. *Beecher,* for defendants. By the court:

ROST, J. The plaintiffs, a municipal corporation, complain that the defendants have obstructed and closed up certain streets in the town of Carrollton, and seek to have the streets opened and the obstructions removed. They also claim damages.

The answer of the defendants is a general denial, and they have appealed from the judgment rendered against them in the district court.

The town of Carrollton was originally laid out in lots of sufficient size for gardens and small rural estates. The defendants are now in possession of a portion of one of those lots, measuring 215 feet 7 inches front on Levee street, by a depth of over 1200 feet. It is proved, that previous to the year 1837, and ever since that time, this lot has been surrounded with a close fence, and cultivated as a field, and that no part of it has at any time been thrown open to the public use.

The proprietors of the remaining portion of this lot and of the adjoining lots, have found it to their advantage to divide their land into building lots, by running streets through them, and the streets, mentioned in the petition, have thus been opened in their whole length, except through the ground of the defendants.

The plaintiffs insist that the defendants and those under whom they claim, have long since dedicated to the public the soil over which these streets pass, by various plans and conveyances made with reference to said plans.

TOWN OF
CARROLLTON
*v.*
JONES.

The first plan to which they refer, is that made by *Benjamin Buisson*, surveyor of the parish of Jefferson, deposited in the office of *H. B. Cenas*, notary public, by *Mrs. Brewer* and others, who subsequently caused the property to be sold according to said plan; at which sale the defendant, *William Jones*, purchased one of the lots.

In the plan referred to, the streets claimed are not represented as running through the land of the defendants. They stop at their lower line, and only run through the remainder of the original lot of which they own a part. The fact that *William Jones* recognized the existence of those streets within the limits of the plan, cannot be taken as proof of dedication on his part.

The plaintiffs' counsel has referred us to another plan, which the defendants caused to be made by *John Schreiber* on the 15th March, 1836, on which all the streets claimed are laid off and figured. They allege that the defendants have made various sales of property with express reference to said plans, and, among others, a sale of six lots to *Stephen A. Sharp*, on or about the 11th January, 1836. They also show a special mortgage granted by the defendants to the New Orleans and Carrollton Railroad Company, in which the property is mortgaged by town lots, according to the division made in the plan of *Schreiber*.

The sale to *Sharp* could not have been made with reference to the plan of *Schreiber*, which bears date more than two months subsequent to it, and we have already stated that *Buisson's* plan was no evidence of dedication by the defendants.

It is true, that in the plan of *Schreiber*, the streets claimed are laid out and recognized, and that the defendants mortgaged the property to the New Orleans and Carrollton Railroad Company according to that plan. Whatever right a mortgage thus made might have given to the company, if the loan made by them had not been paid, we are unable to perceive that, unattended as it is by possession in the public, it can confer any upon the plaintiffs. Towns and cities may be projected, and streets, public squares and roads, may be laid out on plans; but so long as the ground remains enclosed and no portion of it is sold with reference to those plans, and no express dedication is made and accepted by the proper authority, the right of the owner to the soil which those streets, public squares and roads cover, is not affected thereby.

We admit that no particular form of words is necessary to effect a dedication. But it is indispensable that the owner shall clearly manifest an intention to dedicate the land to public use, and that the public should, relying upon that manifestation, have entered into the use and occupation of it in such a manner, as renders it unjust and injurious to reclaim it.

To render a dedication to public use binding, it is necessary not only that there be some act of dedication on the part of the owner, but there must also be something equivalent to an acceptance on the part of the public; in analogy to other contracts, the concurrence of two parties is necessary to pass the right. *State* v. *Trask*, 6th Vermont Rep. 355.

When neither the dedication nor the acceptance is express, the rights claimed in behalf of the public must be supported by long continued usage.

There are facts in the record inconsistent with the intention of the defendants to dedicate to public use, some of the streets claimed. About the time the plan was made, upon which this dedication is based, the defendants were building a house, which stands in part, in one of those streets, and in which they have lived ever since.

<div style="text-align:right"><em>TOWN OF<br>CARROLLTON<br>v.<br>JONES.</em></div>

We are of opinion that the plaintiffs have failed to show the dedication alleged. It is therefore ordered, that the judgment in this case be reversed; and that there be judgment in favor of the defendants, with costs in both courts.

~~~~~~~~~~~~~~~~~~~

## SAME CASE—ON A RE-HEARING.

EUSTIS, C. J. The object of the present suit, was the extension of certain streets in the town of Carrollton, through the land of the defendants. The decision of the court was against the plaintiffs. A re-hearing was granted, and a further argument has been had.

The land through which the projected streets are sought to be extended, has been enclosed and cultivated since the year 1837. Part of the dwelling house is within the line of the streets. No act of use or occupation on the part of the plaintiffs or the public, has been shown in relation to the space now required for streets.

It appears, that in a sale of part of the land to a person named *Sharp*, the streets were laid out on a plan, according to which the sale was made, and that a mortgage was made, according to a similar plan of the land, in favor of the Carrollton bank. The sale was made in 1837, and the mortgage in 1838.

Whatever rights *Sharp* may have of way or servitude on the land designated as streets, he forbears the exercise of them, and contends that the whole property remain in its present condition. The mortgage creditors did not exercise their rights, and we may assume that the debt is paid.

Neither was this plan ever submitted to the municipal authority for approval or acquiescence.

As the matter stands on the evidence, the plaintiffs are seeking to enforce their claims, not in furtherance of the rights of *Sharp*, but adversely to him.

We think the former judgement is clearly right, and it is accordingly affirmed.