Involved in this petitory action is a tract of land containing 160 acres and described as the Northwest Quarter (NW 1/4) of Section 3, Township 15 North, Range 1 West, Jackson Parish, Louisiana.
The suit was instituted by Frank Henderson, in his official capacity of administrator of the Succession of J.P. Henderson, deceased, against D.M.C. Henderson and the children born of the latter and his deceased wife.
Plaintiff, in the petition, alleges a chain of title that ends in the said J.P. Henderson; and he further avers that defendants have taken possession of the property without any title and are claiming and asserting ownership to it. The prayer is one appropriate to and customary in an action of this character.
Defendants admit that they hold possession of the land but deny that it belonged to J.P. Henderson at the time of his death. Further answering they show ownership thereof "by virtue of a deed from J.P. Henderson conveying to your defendant, D.M.C. Henderson, the said property, which deed was executed approximately forty years previous to this date and which deed was taken by your defendant, D.M.C. Henderson, to his home and was never recorded on the conveyance records of Jackson Parish, Louisiana, and that the said deed is now lost or has been destroyed and your defendants are unable to find said deed."
In the alternative defendants allege that "they have had the open, notorious, physical and peaceful possession of the property" for more than 40 years, and they especially plead the prescription of 30 years acquirendi causa.
During the course of the trial on the mentioned issues, D.M.C. Henderson testified that he obtained a deed to the land in 1898 from the wife of Lewis Henderson. To this testimony plaintiff's counsel voiced an objection on the ground that it was contradictory of defendants' allegations. Thereupon the attorney for defendants moved to amend the answer so as to make it conform with the proffered testimony. The court allowed the amendment, over plaintiff's objections, and the trial of the case was resumed.
There was judgment rejecting the demands of plaintiff, sustaining the plea of 30 years' prescription, and recognizing defendants as the owners of the entire 160-acre tract of land. From it plaintiff appealed.
Appellees have moved to dismiss the appeal urging that the record was not lodged in this court prior to the expiration of the designated return date and that no extension of time was obtained. Specifically, they show that the case was returnable here on or before December 29, 1941, and that the record was not filed until December 31, 1941, or two days later. The motion to dismiss, we think, is without merit. Among other reasons, the record was filed here within the three days' grace period allowed by law. Code of Practice Article 883.
Appellant complains of the district court's allowance, while the trial was in progress, of the described amendment to the answer. The general rule, with respect to this, is that in the promotion of justice amendments to pleadings should always be allowed where they neither change the issues nor cause delay. The amendment offered herein had for its purpose only the correction of a clerical error committed by defense counsel. No change of issues was effected, nor was delay occasioned. It was correctly allowed.
It is contended by appellees that plaintiff has not made proof of the title relied on as is required in a cause of this kind. In this connection our attention is called to the well known principle that in a petitory action the plaintiff must recover upon the strength of his own title and not upon the weakness of that of his adversary. Through the introduction of deeds *Page 135 
plaintiff proved a title to the property beginning with O.R. Hearne in 1881 and running through Harris Henderson, Lewis Henderson and others into J.P. Henderson. This proof was sufficient. It was not necessary that he show conveyances beyond O.R. Hearne. Defendants, by their amended answer, traced their title to Lewis Henderson, a common author; and they are not permitted to and cannot assail or impugn his title. Pecot v. Prevost et al., 117 La. 765, 42 So. 263; Mower v. Barrow, 16 La.App. 227, 133 So. 782.
No documentary evidence was offered by defendants, however, in support of their asserted title. They did adduce some testimony to show the execution in 1897 of a deed favoring them and its later loss; but that testimony, conceding arguendo that it was admissible, was unsatisfactory, indefinite and ineffectual. Consequently, defendants' claim of ownership to the property must stand or fall on the prescription of 30 years acquirendi causa; and to this, which is their alternative plea and apparently the primary issue in the case, we now address ourselves.
Neither a title nor a possession in good faith is necessary for the acquiring of ownership by the prescription of 30 years. Civil Code, Article 3499. But the possession on which this prescription is founded must be continuous and uninterrupted during all the time; and it must be public and unequivocal, and under the title of owner. Civil Code, Article 3500. Furthermore, as said in Civil Code, Article 3503: "How favorable soever prescription may be, it shall be restricted within just limits. Thus, in the prescription of thirty years, which is acquired without title, it extends only to that which has been actually possessed by the person pleading it."
The Supreme Court interpreted the last referred to codal provision in the recent case of Long v. Chailan, 196 La. 380,199 So. 222, 225, and had the following to say: "The plea of prescription of thirty years is not sustained by the evidence, because the land, being for the most part swamp or timber land, was never fenced or enclosed. The prescription of thirty years, by which a title to land may be acquired by a possessor who has neither deed nor good faith, cannot prevail beyond the area actually possessed, or beyond such an inclosure or such physical boundaries as will show the extent to which the possessor intends to possess."
This was largely a reiteration of the doctrine announced in Little et al. v. Barbe et al., 195 La. 1071, 198 So. 368, 373, reciting: "The ownership of a tract of land not fenced or enclosed in any way cannot be acquired by the prescription of thirty years by the exercising of merely temporary and occasional acts of possession of only a part of the land, as, for example, by the occasional felling and removing of timber from the land. And the reason for that is that the prescription of thirty years cannot prevail beyond the area of land actually possessed or occupied by the party pleading the prescription."
In the earlier case of Emmer v. Rector, 175 La. 82, 143 So. 11, 14, our highest tribunal construed Civil Code, Article 3503, as meaning "that the prescription of 30 years cannot be effectively pleaded by the possessor beyond the limits of the land he actually possesses."
This court in Peters v. Crawford, La.App., 185 So. 716, 719, with reference to the prescription under discussion, observed as follows: "The burden of supporting his plea with clear and definite proof rested squarely upon him. This sort of prescriptive right may not be extended to any land not physically possessed by enclosures or other barriers sufficient to give definite notice to the public of the character and extent of such possession."
The evidence in the instant matter does not definitely show that defendants have possessed by enclosures or by other physical means and under the claim of ownership, for a period of 30 years, all of the 160 acres in dispute. In fact it appears that others, as owners, have logged timber from the wooded portion during that time. The record is convincing, however, that defendants have enjoyed a corporeal possession, adequate to sustain the claimed prescriptive right, of some parts of the tract; for it discloses that more than 40 years ago D.M.C. Henderson, a defendant herein and the father of the other defendants, erected a dwelling house on the property, and that continuously since such date he has lived there and cultivated some of the land. But the extent of this physical possession, because of a lack of necessary data, cannot be accurately determined. Therefore, to enable the fixing of the limits of the actual *Page 136 
occupancy, with respect to which the services of a surveyor and more definite proof will undoubtedly be required, and also in the interest of justice, the case will be remanded.
Accordingly, the judgment appealed from is now reversed and set aside, and the case is remanded to the district court for the purpose of permitting the introduction, by all parties litigant, of further evidence on defendants' plea of 30 years' prescription and in conformity with the views above expressed. Costs of this appeal shall be paid by defendants, while all other costs shall abide the final determination of the litigation.
DREW and TALIAFERRO, JJ., concur.