LOTTINGER, Judge.
ON MOTION TO DISMISS
This case is before us on motion to dismiss an appeal. Plaintiff-appellee filed a possessory action seeking the recognition of peaceable possession of the following described property, to-wit:
“A certain lot of ground situated in the Parish of Terrebonne, Louisiana, comprised in and forming part of that body of land known and designated as WILLIAM FRANKLIN SUBDIVISION, just south of the City of Houma, the said lot being designated as LOT NO. SIX (6) of the said Subdivision, and fronting on the West side of the Bara-taría Canal Road, being bounded as follows : North by LOT NO. FIVE (5) of said Subdivision belonging to Duncan Franklin, East by the Barataría Canal Road, South by LOT NO. SEVEN (7) of said Subdivision belonging to Gusley Hebert, and West by property of Realty Operators, Inc., together with the improvements thereon, as well as all rights, ways, privileges, servitudes and advantages thereunto belonging or in anywise appertaining.”
In answering the petition, defendant-appellant admitted the possession quietly and without interruption of plaintiff only insofar as to a certain area of the above lot of ground. As to the remainder of the property, defendant asserted that he was the owner and prayed to be recognized as the owner of said disputed portion.
Plaintiff then moved for judgment on the pleadings inasmuch as defendant had by his answer asserted ownership and converted the suit into a petitory action and *921 judicially confessed possession of the plaintiff in the possessory action. The Trial Court ruled in favor of plaintiff recognizing his peaceable possession and maintaining same and granting defendant sixty days from the date the judgment became execu-tory to assert any adverse claim of title or ownership or be precluded thereafter from asserting the ownership thereof. From this judgment, the defendant has suspensively appealed.
It is to this appeal that the plaintiff-appellee has filed this “Motion to Dismiss” based on the ground that “by virtue of said judicial confession of possession in the District Court appellant is precluded from appealing said judgment of the 17th Judicial District Court in accordance with Article 2085 of the Louisiana Code of Civil Procedure.”
Article 2085 of the Code of Civil Procedure provides:
“An appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him. Confession of or acquiescence in part of a divisible judgment or in a favorable part of an indivisible judgment does not preclude an appeal as to other parts of such judgment.”
And, Article 3657 of the Code of Civil Procedure provides:
“The plaintiff may not cumulate the petitory and the possessory actions in the same suit or plead them in the alternative, and when he does so he waives the possessory action. If the plaintiff brings the possessory action, and without dismissing it and prior to judgment therein institutes the petitory action, the posses-sory action is abated.
“When, except as provided in Article 3661 (1) — (3), the defendant in a posses-sory action asserts title in himself, in the alternative or otherwise, he thereby converts the suit into a petitory action, and judicially confesses the possession of the plaintiff in the possessory action.
“If, before executory judgment in a pos-sessory action, the defendant therein institutes a petitory action in a separate suit against the plaintiff in the possessory action, the plaintiff in the petitory action judicially confesses the possession of the defendant therein.”
Plaintiff-appellee contends that inasmuch as the appellant had judicially confessed possession on the part of plaintiff, plaintiff was entitled to a judgment in the Trial Court. Plaintiff-appellee further contends that the appeal referred to in LSA-C.C.P. Art. 3662, to-wit:
jfc ‡ %
A suspensive appeal from the judgment rendered in a possessory action may be taken within the delay provided in Article 2123, and a devolutive appeal may be taken from such judgment only within thirty days of the applicable date provided in Article 2087(l)-(3).”
only applies when the issue of possession is litigated and not when one of the parties in the possessory action judicially confesses possession.
In answer, the defendant-appellant contends that his judicial confession of possession in his answer is not sufficient to-preclude an appeal. In support of this argument he cites one of the comments under LSA-C.C.P. Art. 2085, to-wit :
“(c) The term ‘confession’ is not here defined. The jurisprudence has defined it as an admission by a party, in pleadings or in evidence, of the validity of his opponent’s claim in such a way as to leave no issue to be tried. However, admissions in an answer sufficient to warrant a judgment on the face of the pleadings under former R.S. 13:3601 (4) have been held not to be a confession so as to *922 foreclose an appeal by the defendant, where his answer as a whole denied liability: Sample v. Wheless, 159 La. 844, 106 So. 325 (1925); Rosenberg v. Derbes, 161 La. 1070, 109 So. 841 (1926).”
The plaintiff-appellee filed his petition seeking recognition of peaceable possession. To this petition the defendant-appellant filed an answer wherein he alleged that he and his father, for more than fifty years, had lived upon and possessed as owners the disputed area. He did not pray to be recognized as owner. The defendant subsequently filed an amended answer further alleging that he was the owner of the disputed area, and has possessed same as such. In his amended answer he prayed to be recognized as owner. In his amended answer the defendant merely alleged that he was the owner, he did not set up any specific title to ownership in himself.
Under LSA-C.C.P. Art. 3657, when the defendant in a possessory action asserts title in himself, he judicially confesses the possession of the plaintiff therein and converts the suit into a petitory action. In the instant case, the defendant has done just that, but as to the petitory action, he has not specifically alleged or set up any title in himself. Therefore, he has failed to set out any case as far as the petitory action is concerned, and there being nothing that the Trial Court can look into as far as the petitory action is concerned, judgment on the pleadings was proper.
As to the contention by the defendant that the judicial confession as to the possession of the plaintiff is not sufficient to preclude an appeal, we cannot agree. When LSA-C.C.P. Art. 3657 declares that an assertion of ownership in the defendant is a judicial confession of the possession of the plaintiff in the possessory action, there is nothing to appeal from. That issue is final. If there could be some further question as to possession, an appeal could be conceivable, but not under the facts of this case.
Therefore, for the above and foregoing reasons, the appeal is dismissed at defendant-appellant’s cost.
Appeal dismissed.