CUTRER, Judge.
This is a declaratory judgment action wherein Eunice Breaux Peoples seeks to have the court recognize that the two adjacent tracts of land, owned by her and de *597 fendant, Eula Breaux Guidry, contain equal acreage. Plaintiff also asks for the cancellation of a survey recorded by defendant. Plaintiff further seeks damages and attorney’s fees. The trial court rendered judgment declaring the area of the two tracts of land equal and further ordered the cancellation of the survey. Damages and attorney’s fees were denied. Defendant appeals. Plaintiff answered the appeal seeking damages.
The sequence of events which gave rise to this suit is as follows:
On November 1, 1937, the widow of Felix Breaux and their six children entered into an agreement partitioning land belonging to the Felix Breaux estate. The partition was entered into pursuant to a plat which purported to divide the property into twelve equal lots, each designated as containing 20.10 acres. Through this partition agreement, Joseph Breaux (father of plaintiff and defendant herein) acquired Lot No. 6. In 1966, Joseph Breaux, as legatee of his mother’s succession, acquired Lot No. 6A as designated by the 1937 plat. Joseph Breaux died in 1973, leaving a will wherein he left Lot 6 to defendant and Lot 6A to plaintiff. The plaintiff and defendant accepted the succession of their father unconditionally and were placed into possession of the lots in accordance with the will.
In 1974, plaintiff requested J. E. Schex-naider and Associates to survey Lot 6A that she had inherited from her father. This survey reflected that the lot contained 19.-054 acres instead of the 20.10 acres as set out in the 1937 plat.
A second survey was ordered in 1975 by defendant which reflected that the acreage in defendant’s Lot 6 was 21.698 acres instead of the 20.10 acres as set out in the 1937 plat.
The discrepancy in the area of the lots, as reflected in a comparison of the 1937 plat and the Schexnaider plat, stems from the fact that the 1937 survey erroneously located a rectangular two acre tract owned by the Southern Pacific Transportation Company. This plat showed the Southern Pacific property to be located along the North line of Lot 6. The 1975 Schexnaider plat shows the Southern Pacific property to be slightly more than two acres, irregular in shape and bordering on the North lines of both Lots 6 and 6A.
For a clearer picture of the discrepancy, we reproduce the two surveys showing the location of the Southern Pacific property on each plat:

*598

The relocation of the Southern Pacific property had the effect of increasing the acreage in Lot 6 and decreasing the acreage in Lot 6A. This discrepancy brought about the dispute and, thus, this suit ensued.
Two assignments of error are presented for disposition:
(1) “The Trial Court committed reversible error in holding that Lots 6 and 6 A were intended and presumed to be equal in size;” and
(2) “The Trial Court committed reversible error in failing to apply the law of the State of Louisiana as it relates to the burden of proof placed upon a plaintiff in an action to quiet title.”
In our endeavor to resolve the first issue of whether Lots 6 and 6A should contain equal acreage, we find that a very similar issue was faced by this court in the case of Sagrera v. Mouton, 180 So.2d 775 (La.App. 3rd Cir. 1965), writs ref’d, 248 La. 797, 182 So.2d 73 (1966). In that case the State of Louisiana sold several tracts of land at public auction. Prior to the sale, the State had prepared a plat showing the tracts which were designated “Item 1” through “Item 48.” Each prospective purchaser had access to the plat which reflected each “Item” and the specific acreage of each. The plat erroneously located a state highway which traversed the area. A later survey showed that the true location of the highway was approximately one-quarter of a mile east of the location shown on the earlier plat. The correction of the error on the plat would have had the effect of reducing the acreage purchased by the plaintiff and increasing the acreage purchased by defendant.
The court was faced with the issue of whether the true location of the highway or the erroneous location of the highway should control in determining what property plaintiffs acquired. After a thorough review of the jurisprudence on this subject *599 matter, the court concluded that the controlling consideration in these cases is the intention of the party or parties. The court pointed out that the sale by the State was made by reference to a plat and the court presumed that the parties intended to convey or acquire property as shown by that plat even though the location of the highway was erroneously shown thereon. Also, the court pointed out that the specific acreage of each “item” was shown on the plat which acreage the State intended to sell and the purchasers intended to buy.
The court held that the property of the plaintiffs and that acquired by the defendants was to be fixed according to the line shown on the original State plat rather than the true location of the highway.
As we apply these principles to the case at hand, we conclude that the trial court correctly declared Lots 6 and 6A to be equal in size.
The partition of 1937 was a division of property between the widow of Felix Breaux and their six children. The 1937 plat divided the Breaux property into twelve equal lots, each lot designated as containing 20.10 acres. In the partition, the widow acquired six of these lots and each child acquired one lot each. This division gave the widow one-half of the property and each of the six children received one-sixth of the remaining one-half. According to the plat, each child received an equal share.
The widow of Felix Breaux died testate in 1966. According to her will, each of the six children was placed in possession of one of the lots that the widow had acquired in the 1937 partition. Again the description of each of the lots was designated as containing 20.10 acres, as set forth in the 1937 plat. Joseph Breaux, father of plaintiff and defendant, acquired Lot 6A from this succession.
Joseph Breaux died in 1972. Pursuant to his will, the plaintiff was placed in possession of Lot Number 6A, according to the plat of 1937 as containing 20.10 acres. Defendant was placed in possession of Lot Number 6, according to said plat as containing 20.10 acres.
It is undisputed that the 1937 plat is erroneous in its location of the Southern Pacific property. The question then arises as to whether the true location of the Southern Pacific right of way or the erroneous location thereof should control the amount of property the parties acquired.
The trial court, in its reasons for judgment, cited the Sagrera case and reasoned as follows:

“The Court accepts as proven the intent of the parties to the 1937 partition as being to divide the land into equal shares of 20.10 acres. This is important in light of Sagrera v. Mouton. 180 So.2d 775 (3rd Cir. 1965) in which the Appellate Court agreed that the intention of the parties is the controlling consideration in matters relating to a boundary’s position.

“Therefore, it is the finding of this Court that lots 6 and 6A from the time of partition were intended and presumed to be equal in size.”
We fully agree with this conclusion of the trial court. In the 1937 partition agreement and the succession proceedings heretofore discussed, the respective parties acquired these two tracts, Lots 6 and 6A, according to the 1937 plat which specifically designated each lot to contain 20.10 acres. By this means, the parties have consistently treated and intended that these two lots were of equal size. Under Sagrera, the intention of the parties is controlling. We hold that the circumstances presented reflect a clear intention that the plaintiff and defendant were each to acquire an equal area of property through their inheritance of Lots 6 and 6A.
Defendant further contends, by assignment of error, that this action should be regarded as an action to quiet title and, as such, plaintiff has the same burden of proof as would be present in a petitory action. Thus, she contends that plaintiff failed to prove a perfect title or a title better than that of the defendant as required by LSA-C.C.P. art. 3653, which provides:

“To obtain a judgment recognizing his ownership of the immovable property or 
*600
real right, the plaintiff in a petitory action shall:

(1) Make out his title thereto, if the court finds that the defendant is in possession thereof; or
(2) Prove a better title thereto than the defendant, if the court finds that the latter is not in possession thereof.”
This contention is without merit.
It is well settled that where a defendant and plaintiff derive their title from a common author, the defendant cannot assail the title of the plaintiff beyond such common author. Henderson v. Henderson, 8 So.2d 133 (La.1933).[1] In this instance, both plaintiff and defendant derive their titles from a common author, their father, by a judgment of possession introduced into evidence. Thus, if we were to treat this as an action to quiet title, the defendant could not attack plaintiff’s title under these circumstances.
The plaintiff, by answer to the appeal, contends that the trial court erred by finding that plaintiff was due no damages. We have reviewed the record and agree with this conclusion of the trial court.
The trial court further ordered the clerk of court to cancel the 1975 plat that had been prepared by Schexnaider at the defendant’s request. We hesitate to order the cancellation of the survey as we find no authority for doing so. Cancellation of certain encumbrances, such as mortgages, judgments and mineral leases, by the clerks of court, is specifically authorized by statute. LSA-R.S. 9:5161 et seq. We find no authority for the cancellation of surveys, however, even though they may be deemed erroneous. Without such authority, we must set aside the trial court’s order of cancellation of the survey.
In conclusion, we hold that the two tracts of land in question contain equal acreage. We further conclude that, in order to finalize the dispute herein, another survey must be made for the purpose of establishing the common boundary line between Lots 6 and 6A which will reflect that, after the correction of the erroneous location of the Southern Pacific property, Lots 6 and 6A contain equal acreage. We shall remand for that purpose.
For the foregoing reasons, we affirm the trial court’s'judgment which declares that Lots 6 and 6A, owned by the parties, are equal in acreage. We also affirm the trial court’s denial of damages and attorney’s fees to plaintiff.
IT IS ORDERED that the portion of the judgment ordering the cancellation of the survey recorded by defendant is hereby reversed and set aside;
IT IS FURTHER ORDERED that the suit is hereby remanded to the district court for the purpose of appointing a qualified surveyor who shall conduct a survey of Lots 6 and 6A in accordance with the views expressed herein.
IT IS FURTHER ORDERED that after the survey is completed, the district court shall hold a hearing to determine the correctness of the survey. If the court finds that the survey is correct, judgment shall be rendered recognizing the ownership of the parties hereto, all in accordance with law and the views expressed herein.
Defendant is to pay costs of this appeal.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.

. This jurisprudential rule recently became statutory by the enactment of Article 532 of the Civil Code which became effective January 1, 1980.