452 So.2d 730 (1984)
Ethel P. ANDERSON
v.
The POLICE JURY OF the PARISH OF EAST FELICIANA.
No. 83 CA 0733.
Court of Appeal of Louisiana, First Circuit.
May 30, 1984.
Writ Denied September 28, 1984.
*732 Richard H. Kilbourne, Clinton, for plaintiff-appellant.
William E. Woodward, Asst. Dist. Atty., Clinton, for defendant-appellee.
Before SHORTESS, LANIER and CRAIN, JJ.
CRAIN, Judge.
This is an appeal from a judgment of the trial court in a petitory action, finding that the Police Jury of East Feliciana Parish (Police Jury) had good title to a servitude for the establishment and maintenance of a public road on plaintiff's property.

FACTS
On October 5, 1971, James Anderson granted, in an authentic act filed in East Feliciana Parish, a servitude of passage to the public over part of his property for the establishment of a public road. That grant was conditioned upon the assumption by the Police Jury of the maintenance and policing of the road. The Police Jury assumed those obligations and accepted the servitude in the same act.
The Police Jury constructed a gravel road on the servitude and maintained the road to some extent over the next few years by gravelling and grading it periodically. The road was used by the public for some undetermined amount of time, until a gate was erected across its entrance. After public complaint, the gate was taken down and public use resumed, although no further work on the road was done by the Parish.
On August 3, 1981, at a meeting of the Police Jury, a motion was made and carried abandoning the parish right-of-way on the Anderson property. Jerry D. Bunch, a member of the Police Jury in 1981, testified at trial that prior to the August 3, 1981, meeting, Mrs. Ethel Anderson, widow of James Anderson, approached him about getting the road closed. Bunch stated that Mrs. Anderson represented to him that she owned all of the property that the road accessed, and based on her representations he suggested to the jury that the servitude be abandoned. Bunch also testified that he might have stated to the Police Jury at that time that the Police Jury had never done any work on the road in an effort to help Mrs. Anderson.
After the road was closed, the Police Jury immediately began to receive complaints from property owners who, due to the road's closing, no longer had access to their property. In response to the numerous complaints, a motion was made and carried at the Police Jury meeting on October 5, 1981, to rescind the abandonment of the right-of-way on the Anderson property.

TRIAL COURT
Mrs. Anderson subsequently filed suit against the Police Jury on September 28, 1982, in the form of a possessory action. The Police Jury answered the suit and filed a reconventional demand rejecting Anderson's demands and seeking to be recognized as the owner of the servitude by virtue of the donation from James Anderson.
Based on the allegations in the Police Jury's reconventional demand, Anderson filed a motion and rule for judgment on the pleadings. On November 23, 1982, judgment was rendered on the face of the pleadings in Mrs. Anderson's favor and against the Police Jury, holding that the Police Jury had converted the possessory action into a petitory action by confessing Anderson's right to possession of the property in its pleadings. The judgment decreed that henceforth the suit would be conducted as a petitory action with the *733 Police Jury as plaintiff and Anderson as the defendant. Anderson subsequently answered the reconventional demand generally denying the same and alleging that the Police Jury had revoked the servitude by an ordinance adopted at a meeting held August 3, 1981, and, in the same month, she had taken possession.
Trial was held, and judgment was rendered on March 30, 1983, in favor of the Police Jury on both the main demand as well as the reconventional demand, recognizing the Police Jury as legal owner of the servitude on Anderson's property. That judgment was based on the trial judge's findings, in his reasons for judgment, that the Police Jury's actions purportedly abandoning the servitude on August 3, 1981, were induced by fraud on Anderson's part and were therefore null and without effect.
Mrs. Anderson appeals the judgment of the trial court in the petitory action, specifying the following assignments of error:
(1) The trial court erred in rendering judgment in the petitory action, in favor of the Police Jury on the main demand (the possessory action), which, in effect, reversed the court's previous judgment on the pleadings in Mrs. Anderson's favor.
(2) The trial court erred in ruling that the Police Jury had "good title" to the servitude without requiring the Police Jury to comply with the title requirements of La.C.C.P. art. 3653 and La.C.C. art. 531.
(3) The trial court erred in basing its judgment in the petitory action entirely on its finding that the Police Jury had not abandoned the servitude.
(4) The trial court erred in ruling ex proprio motu in the petitory action that Mrs. Anderson acted fraudulently when no such issue had been raised in the pleadings.
Before the merits of appellant's assignments of error can be discussed, we find it necessary to classify the type of dedication involved in this casesomething which neither party nor the trial judge attempted to do.

CLASSIFICATION OF DEDICATION
In the case of Arkansas-Louisiana Gas Co. v. Parker Oil Co., 190 La. 957, 183 So. 229 (1938), the Louisiana Supreme Court concluded that there were only two types of dedication in Louisianastatutory and common-law (informal) dedication. That there might be a third category of dedication, which has been referred to as formal non-statutory dedication, was raised in the case of Banta v. Federal Land Bank of New Orleans, 200 So.2d 107 (La.App. 1st Cir.1967), application denied, 251 La. 46, 202 So.2d 657 (1967). The court in Banta was concerned with the implication in Parker that a dedication not in substantial compliance with Act 134 of 1896 (the basis for statutory dedication in Louisiana, now La.R.S. 33:5051)[1] amounted to a commonlaw *734 dedication conveying only a servitude, not ownership, to the public, where the intent of the grantor was not clearly expressed. The court concluded that the fact that a dedication is not of the type contemplated by Act 134 of 1896 does not preclude other forms of dedication, such as that established by the filing of a plat, which would convey title in the dedicated land to the public. As was pointed out in Banta, this third category of dedication has been applied to dedications occurring prior to Act 134 of 1896, when there was no provision for statutory dedication. Richard v. City of New Orleans, 195 La. 898, 197 So. 594 (1940); Jaenke v. Taylor, 160 La. 109, 106 So. 711 (1926); Flournoy v. Breard, 116 La. 224, 40 So. 684 (1906).
Since the Banta case, the jurisprudence has generally ignored the category of formal non-statutory dedication, preferring to cite Parker for the proposition that a dedication is either statutory (conveying ownership) or common-law (conveying only a servitude to the public). Becnel v. Citrus Lands of Louisiana, Inc., 429 So.2d 459 (La.App. 4th Cir.1983), writ denied, 437 So.2d 1147 (La.1983); Ross v. City of Covington, 271 So.2d 618 (La.App. 1st Cir. 1973), writ denied, 273 So.2d 844 (La.1973); Village of Folsom v. Alford, 204 So.2d 100 (La.App. 1st Cir.1967). The Third Circuit case of Garrett v. Pioneer Production Corporation, 378 So.2d 945 (La.App. 3rd Cir.1979) is an exception. In that case, the trial court found an implied dedication which did not divest ownership; however, in reaching that decision the court took the opportunity to discuss the alternative categories of dedicationstatutory dedication and formal nonstatutory dedication. On writ of certiorari in Garrett, the Louisiana Supreme Court reversed the Third Circuit, holding that there was indeed substantial compliance with La.R.S. 33:5051 resulting in a statutory dedication divesting ownership. The Court did not reach the issue of non-statutory dedication, but mentioned in a footnote defendants' argument that there was, in effect, a "`formal', non-statutory dedication." Garrett v. Pioneer Production Corporation, 390 So.2d 851, 857-858 n. 6 (La.1980). The question surrounding the third category of dedication was left unanswered.
After extensive review of the jurisprudence and legal commentary on the subject [See, in particular, Comment, The Third Dimension of Dedication in Louisiana, 30 La.L.Rev. 583 (1970)] we find that there are properly three distinct categories of dedication:
(1) statutory, which is accomplished when La.R.S. 33:5051 is substantially complied with. It conveys ownership to the public. Parker, 183 So. at 240.
(2) formal non-statutory, which is created whenever there exists some formal, express act by the owner which clearly shows an intent to dedicate. We hold that, absent a clear expression to the contrary, this dedication also conveys ownership and applies to the situation in which La.R.S. 33:5051 is not substantially complied with. See Banta, 200 So.2d at 112-3; cf. Parker, 183 So. at 240.
(3) informal, which would include those forms of dedication in which the law deems it necessary to infer an intent to dedicate from the owner's actions. This creates only a servitude and acceptance by the public is necessary.[2]
Clearly, the dedication involved in this case falls into the second category. It *735 is unnecessary for us, however, to classify the dedication as being one which transfers ownership or only a servitude since for our purposes it is necessary only to determine that the dedication is a formal dedication for us to establish the proper procedural framework.

BURDEN IN PROVING OWNERSHIP OF PUBLIC THINGS
Mrs. Anderson at some point in time erected a fence across the road in question. She later instituted a possessory action against the Police Jury alleging that she had fulfilled the requirements of La.C.C.P. art. 3658. The Police Jury in its answer admitted Mrs. Anderson's possession and asserted its ownership of the servitude, converting the possessory action into a petitory action.[3] La.C.C.P. art. 3657. In appellant's first assignment of error, she complains that the portion of the judgment in the petitory action concerning possession was in error. That judgment reads in pertinent part:
I. On the main demand, there be judgment rendered in favor of the defendant, the Police Jury of East Feliciana, and against the plaintiff, Ethel P. Anderson, rejecting the latter's demands.
Counsel for the Police Jury admits in his trial brief that this part of the judgment was submitted by counsel in error and inadvertently signed by the trial judge. As such, counsel concedes and urges that this portion of the judgment be deleted.
Under La.C.C.P. art. 3657, when the defendant in a possessory action asserts title in himself, he judicially confesses the possession of the plaintiff. The issue of possession is then final.[4]Chancey v. Franklin, 216 So.2d 920 (La.App. 1st Cir. 1968).
Obviously, that part of the petitory action judgment rendering judgment in favor of the Police Jury on the main demandthe possessory actionwas in error and that judgment should be amended, deleting that section. The original judgment on the pleadings in favor of Mrs. Anderson, recognizing her possession, was a final judgment. Chancey, 216 So.2d at 922.
After the issue of possession was settled, the burden then shifted to the plaintiff in the petitory action (the Police Jury) to prove ownership. The Police Jury sufficiently proved ownership of the servitude by placing the formal act of dedication executed by James Anderson into the record, which established that the road was a public thing under La.C.C. art. 450.[5] The same act established that James Anderson was the common author in title as required by La.C.C.P. art. 3653.[6] Once that was *736 accomplished, the burden shifted to Mrs. Anderson to prove that a valid revocation of the dedication had taken place divesting the Police Jury of ownership and rendering the road no longer a public thing.[7]
When ownership of a roadway is conveyed to the public by a formal dedication, any revocation of the dedication must necessarily come under La.R.S. 48:701, which reads:
The parish governing authorities and municipal corporations of the state, except the parish of Orleans, may revoke and set aside the dedication of all roads, streets, and alleyways laid out and dedicated to public use within their respective limits, when the roads, streets, and alleyways have been abandoned or are no longer needed for public purposes.

Upon such revocation, all of the soil covered by and embraced in the roads, streets, or alleyways up to the center line thereof, shall revert to the then present owner or owners of the land contiguous thereto.
Nothing in this Section shall be construed as repealing any of the provisions of special statutes or charters of incorporated municipalities granting the right to close or alter roads or streets. (Our emphasis).
We now hold that even in a situation where only a servitude over a roadway is granted by a formal dedication, the jurisprudence interpreting La.R.S. 48:701 is applicable in determining whether there has been a valid revocation of that dedication.
After review of the record, we find that Mrs. Anderson failed to show a valid revocation of the dedication. There is no evidence that the road had been abandoned or was no longer needed for public purposes. On the contrary, the record indicates that the road was maintained up until the point Mrs. Anderson took possession by placing a fence across it. Apparently, the road was still needed for public purposes; Jerry Bunch testified that immediately after the so-called revocation, landowners began to call and complain, claiming they used the road to access their property. Therefore, by not meeting the requirements of revocation of a formal dedication, the Police Jury's actions in the meeting purporting to abandon the road were arbitrary and capricious and should have no effect. See Caz-Perk Realty, Inc. v. Police Jury of Parish of East Baton Rouge, 213 La. 935, 35 So.2d 860 (1948); Torrance v. Caddo Parish Police Jury, 119 So.2d 617 (La.App. 2d Cir.1960).
There having been no valid revocation, we find that the trial judge was correct in his holding that the Police Jury had carried its burden of proving good title, at least to a servitude to the road. However, we base our opinion on non-compliance with the requirements for revocation of a formal dedication rather than on any "fraud" on Mrs. Anderson's part which the trial judge found. Fraud must always be alleged with particularity and proved. La. C.C.P. art. 856, Ray's Appliance and Air Conditioning Service, Inc. v. K & D Enterprises, Inc., 350 So.2d 228 (La.App. 3rd Cir.1977), writ denied, 352 So.2d 1032 (1977). Fraud was not pled in this case, and therefore should not have been considered.
For the foregoing reasons, we affirm that part of the judgment of the trial court finding the Police Jury has good title to at least a servitude on the property in question. We reverse that part of the judgment in the petitory action finding the Police Jury in possession. All costs are assigned to appellant.
*737 AFFIRMED IN PART, REVERSED IN PART.
NOTES
[1] La.R.S. 33:5051 reads:

Whenever the owner of any real estate desires to lay off the same into squares or lots with streets or alleys between the squares or lots and with the intention of selling or offering for sale any of the squares or lots, he shall, before selling any square or lot or any portion of same, cause the real estate to be surveyed and platted or subdivided by a licensed surveyor or civil engineer into lots or blocks, or both, each designated by number, and set stakes, which shall be permanent in nature, at all of the corners of every lot and block thereof, properly marked so as to designate the correct number of each lot and block; write the legal description of the land on the plat or map, and cause to be made and filed in the office of the keeper of notarial records of the parish wherein the property is situated and copied into the conveyance record of such parish, and a duplicate thereof filed with the assessor of the parish a correct map of the real estate so divided, which map shall contain the following:
(1) The section, township, and range in which such real estate or subdivision thereof lies according to government survey.
(2) The number of squares by numerals from 1 up, and the dimensions of each square in feet and inches.
(3) The number of each lot or subdivision of a square and its dimensions in feet and inches.
(4) The name of each street and alley and its length and width in feet and inches.
(5) The name or number of each square or plat dedicated to public use.
(6) A certificate of the parish surveyor or any other licensed surveyor or civil engineer of this state approving said map and stating that the same is in accordance with the provisions of this Section and with the laws and ordinances of the parish in which the property is situated.
(7) A formal dedication made by the owner or owners of the property or their duly authorized agent of all the streets, alleys and public squares or plats shown on the map to public use.
[2] We note that in A. Yiannopoulos, Property Secs. 61-66 in 2 Louisiana Civil Law Treatise 186-201 (2nd ed. 1980), Professor Yiannopoulos divides informal dedication into two separate categoriestacit dedication and implied dedicationresulting in four classifications, instead of three.
[3] At this point, we note that there is serious question as to whether a private individual may bring a possessory action against the state in regard to a public thing. See Symeonides, Developments in the Law-Property, 44 L.La.Rev. 505, 511. However, we do not reach that issue in this case, since the Police Jury acquiesced in Mrs. Anderson's possession.
[4] But cf. footnote 2.
[5] La.C.C. art. 450 reads:

Public things are owned by the state or its political subdivisions in their capacity as public persons.
Public things that belong to the state are such as running waters, the waters and bottoms of natural navigable water bodies, the territorial sea, and the seashore.
Public things that may belong to political subdivisions of the state are such as streets and public squares.
[6] La.C.C.P. art. 3653 reads:

To obtain a judgment recognizing his ownership of immovable property or real right therein, the plaintiff in a petitory action shall:
(1) Prove that he has acquired ownership from a previous owner or by acquisitive prescription, if the court finds that the defendant is in possession thereof; or
(2) Prove a better title thereto than the defendant, if the court finds that the latter is not in possession thereof.
When the titles of the parties are traced to a common author, he is presumed to be the previous owner.
The act of dedication in this case stated that James Anderson, "married to and living with Ethel Poston Anderson", was the owner of the property at the time of dedication. Therefore, James Anderson must be the common author in title of Ethel P. Anderson and the Police Jury. James Anderson is then presumed to be the previous owner and Mrs. Anderson cannot assail the title of the Police Jury beyond that point. La.C.C. art. 532, La.C.C.P. art. 3653; Henderson v. Henderson, 8 So.2d 133 (La.App. 1933); Peoples v. Guidry, 391 So.2d 596 (La.App. 3rd Cir.1980), writ not considered, 395 So.2d 1365 (La.1981.)
[7] For the record, we point out that in Todd v. State of Louisiana, et al. (La.1983) (No. 82-C-2915, November 28, 1983), the Court pretermitted consideration of the nature of the burden of proof the state would have in a petitory action. A rehearing was granted on January 6, 1984, in Todd, which is still pending.