520 So.2d 1030 (1987)
Oscar SYLVESTER, Jr., Plaintiff-Appellee,
v.
Kathleen QUALLS, Defendant-Appellant.
No. 86-1194.
Court of Appeal of Louisiana, Third Circuit.
December 9, 1987.
A. Gaynor Soileau, Ville Platte, for plaintiff-appellee.
Jeff Townsend, Jr., Lake Charles, for defendant-appellant.
Before DOUCET and KING, JJ., and CULPEPPER, J. Pro Tem.[*]
WILLIAM A. CULPEPPER, Judge Pro Tem.
This appeal arises out of a possessory action instituted by the plaintiff, Oscar Sylvester, Jr., against the defendant, Kathleen M. Qualls. The plaintiff alleges that he is in possession of a large tract of land located in St. Landry Parish. The defendant answered, claiming ownership of an undivided one-half interest in 80 acres of the property and disputed plaintiff's possession except as a co-owner in indivision. After trial on the merits, the district court rendered judgment in favor of the plaintiff recognizing his right to possession of the property. The defendant has appealed.
*1031 The defendant asserts on appeal that the trial court committed error in (1) signing a formal judgment which contained an erroneous description of the property in that it describes the entire fractional Section 34 instead of only the 80 acres in dispute; (2) failing to sustain the defendant's exception of res judicata, and, (3) finding that the plaintiff proved he was in possession of the property.

GENERAL FACTS
In 1948 P. Kent Qualls purchased a large tract of land, including the 80 acres in question, situated in the parishes of St. Landry and Avoyelles and known as the "Cumberland Plantation." At the time of the purchase Mr. Qualls was married to, but living apart from, Floy Nelson Qualls. In 1948 the Qualls sold to the plaintiff's vendors Cumberland Plantation, less and except the 80 acres in dispute here. Mr. Qualls moved to Central America and the Qualls subsequently divorced. The plaintiff acquired what remained of the original property in 1953 and 1955. The property has since been continuously used by the plaintiff to farm rice and soybeans.
In 1979 Mrs. Floy Allen, formerly Qualls, filed a petitory action in the Twenty-seventh Judicial District Court for St. Landry Parish against Mr. Sylvester. Mrs. Allen asserted that she was the owner of an undivided one-half interest in the North one-half of the Northeast Quarter of Section 34, Township 2 South, Range 3 East. The property is an 80-acre tract located in St. Landry Parish and is the disputed portion of Cumberland Plantation. The district court rendered judgment in April of 1981 in favor of Mrs. Allen recognizing her ownership of an undivided one-half interest in the property. Mrs. Allen conveyed her interest in the property, reserving the minerals, to Mr. Sylvester on the same day the judgment was signed.
On June 7, 1985 Mr. Qualls recorded an act of donation which he executed in favor of his daughter, Kathleen M. Qualls, to an undivided one-half interest in the North one-half of the Northeast Quarter of Section 34, Township 2 South, Range 3 East. Mr. Sylvester thereafter filed this possessory action, alleging possession of the entire Section 34 and disturbance of his possession by the recordation of the act of donation and praying for recognition of plaintiff's rights to possession.

PROCEDURAL ASPECTS OF THE CASE
The plaintiff's suit, styled a possessory action, was filed on July 10, 1985. An attorney was appointed by the court to represent the defendant who is a nonresident. An answer was filed on behalf of the defendant generally denying the plaintiff's claims. Thereafter the defendant engaged the services of another attorney, and the appointed attorney withdrew as counsel of record. The plaintiff's new attorney then filed another answer on July 29, 1985. On August 18, 1986 the defendant filed a motion for summary judgment. Defendant filed an exception of res judicata on September 23, 1986 based upon the previous litigation between Floy Allen and the plaintiff. Defendant then filed a supplemental answer to plaintiff's petition in which she asserted her ownership and prayed for judgment declaring her to be the owner of an undivided one-half interest in the 80-acre tract.
On October 10, 1986 the exception of res judicata was taken up and argued. The trial court denied the exception. The case proceeded to a trial on the merits on October 22, 1986. Judgment was read and signed on October 27, 1986. The motion for appeal was filed on the same day.

RECOGNITION OF PLAINTIFF'S POSSESSION
LSA-C.C.P. art. 3657 provides that when a defendant in a possessory action asserts title in himself, in the alternative or otherwise, he thereby converts the possessory action to a petitory action and judicially confesses the possession of the plaintiff in the possessory action. In this case the defendant clearly asserted ownership in herself through her supplemental pleadings and answer. The defendant prayed for judgment recognizing her ownership of an *1032 undivided one-half interest in the tract. The possessory action filed by the plaintiff was thereby converted to a petitory action with the burden on the defendant to prove her ownership as required by LSA-C.C.P. art. 3653.
Despite the fact that the possessory action was converted to a petitory action, the judgment rendered and appealed only recognizes plaintiff's right to possession. It does not decide ownership.
We are aware of Chancey v. Franklin, 216 So.2d 920 (La.App. 1st Cir.1968) which holds that where defendant in a possessory action files an answer claiming ownership, he thereby judicially confesses plaintiff's possession and cannot appeal a judgment recognizing plaintiff's possession. Nevertheless, we choose not to follow Chancey and dismiss defendant's appeal in the present case, because to do so may prejudice defendant's right to pursue her petitory action further in the trial court.
There is a procedural problem in that although this has been converted to a petitory action, the judgment appealed only recognizes plaintiff's right to possession and does not decide ownership. The judgment appealed does not order defendant to pursue her adverse claim of ownership within a certain period of time or be precluded thereafter from asserting ownership, LSA-C.C.P. art. 3662(2), because defendant has already claimed ownership. Under these circumstances, we will remand this case for further proceedings in the petitory action which is still pending in the district court.
Also, the judgment appealed recognizes plaintiff's right to possess the entire fractional Section 34, when only the above described 80 acres is in dispute. The judgment will be amended to restrict it to the 80 acres.
As to the exception of res judicata, the trial judge correctly overruled it because the undivided one-half interest involved in the previous suit by Mrs. Floy Allen, formerly Qualls, is not the same as the undivided one-half interest at issue in the present case. Moreover, the parties in the two cases are not the same. LSA-R.S. 13:4231.

DECREE
For the reasons assigned, the judgment appealed is amended and recast to read as follows, and this case is remanded to the district court for further proceedings in accordance with law and the views expressed herein:
Judgment is hereby rendered in favor of the plaintiff, Oscar Sylvester, Jr., and against the defendant, Kathleen Marisa Qualls, recognizing plaintiff's right to possession of the following described property, to wit:
The North one-half of the Northeast Quarter of Section 34, Township 2 South, Range 3 East, St. Landry Parish, Louisiana.
It is further ordered that this case be remanded to the district court for further proceedings in the petitory action which is pending there.
All costs in the trial and appellate courts are assessed against the defendant.
AFFIRMED IN PART, AMENDED IN PART AND REMANDED.
NOTES
[*] Honorable William A. Culpepper, Judge, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.