STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 22-17


EDWARD J. RACHAL, ET AL.

VERSUS

AVOYELLES PARISH POLICE JURY, ET AL.



**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2015-1417-A
HONORABLE KERRY LYNDON SPRUILL, DISTRICT JUDGE

**********

**BILLY H. EZELL**
**JUDGE**

**********

Court composed of Billy H. Ezell, Candyce G. Perret, and Charles G. Fitzgerald, Judges.




**REVERSED.**

**Mark A. Jeansonne**
**P.O. Box 301**
**Hessmer, LA 71341**
**(318) 563-9000**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
**Edward J. Rachal**
**Ray Dauzat**

**Jonathan T. Gaspard**
**Assistant District Attorney**
**Twelfth Judicial District**
**P. O. Box 546**
**Marksville, LA 71351**
**(318) 240-7329**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Avoyelles Parish Police Jury**

**Rodney Rabalais**
**P. O. Box 447**
**Marksville, LA 71351**
**(318) 253-4622**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**Lambert Contractors, Inc.**
**Tim Lambert**
**Cajun and Maintenance, LLC**

**EZELL, Judge.**

The Avoyelles Parish Police Jury appeals the decision of the trial court below declaring that Bayou Estates Road was a public road under the authority and maintenance of the Police Jury. For the following reasons, we hereby reverse the decision of the trial court.

On April 27, 2005, Tim Lambert submitted plans to create a subdivision, Bayou Estates, to the Avoyelles Parish Planning Commission.[1] The subdivision is outside any municipality and lies completely within Avoyelles Parish control. The Planning Commission approved the plans upon the condition that a note be added to subdivision plats indicating the road located thereon would remain private. Further approval was later granted based on a stipulation that the road would not be adopted by the parish road system until it was paved to parish subdivision standards and that it would remain a private road until those standards were met. The Avoyelles Parish Police Jury then approved the plans, which included the road stipulation. Mr. Lambert recorded a subdivision plat that indicated an intent to dedicate a servitude for public use for the road and began selling lots according to that plat.

In roughly 2013, the road at issue, Bayou Estates Road, had deteriorated and required repair and/or maintenance. However, Mr. Lambert refused to perform work on the road. Homeowners in Bayou Estates then began litigation seeking to have Avoyelles Parish maintain the road. The trial court below determined that an implied dedication occurred when the plat was filed in the public record and lots

---

[1] Mr. Lambert developed the subdivision on land owned by Lambert Contractors, Inc., a corporation he is a principal of. The land the road is located on was transferred from Lambert Contractors, Inc., to Cajun Maintenance, LLC, a separate corporation that Mr. Lambert is also a principal of. For clarity, brevity, and because of the overlapping ownership, we will generally refer simply to all parties as "Mr. Lambert" throughout this opinion, although in certain instances reference to one of his corporate entities may be more precise.

sold according thereto, and declared Bayou Estates Road to be a public road requiring maintenance by the Avoyelles Parish Police Jury. From that decision, the Police Jury appeals.

On appeal, the Police Jury asserts two assignments of error: that the trial court erred in finding an implied dedication of Bayou Estates Road was completed; and that the trial court erred in finding the Police Jury president had authority to accept the road without special authorization by the Police Jury. Because we find merit in the Police Jury's first assignment of error, we need not address its second.

The manner in which roads may be dedicated to the public was described in *Melancon v. Giglio*, 96-2507, pp. 5-6 (La.App. 1 Cir. 3/13/98), 712 So.2d 535, 539 (emphasis in original):

> The dedication of a street may be accomplished in four ways: statutory dedication, formal dedication, implied dedication, and tacit dedication. *St. Charles Parish School Board v. P & L Investment Corporation*, 95-2571 (La. 5/21/96), 674 So.2d 218, 221. One of these modes of dedication is by compliance with LSA-R.S. 33:5051, which imposes on subdividers of land certain duties, including the filing of plats and the recordation of a formal dedication of all the streets to public use. *Union Bank v. Baudin*, 598 So.2d 689, 693 (La.App. 3rd Cir.1992). This is known as statutory dedication. The jurisprudence is well settled that a statutory dedication vests ownership of the land under the streets in the public. A subdivider, however, may define the interest he intends to convey to the public or reserve the ownership of streets and other public places. In such a case, the public acquires merely a servitude of public use. A.N. Yiannopoulos, Property, § 99, at 215 in 2 Louisiana Civil Law Treatise (3rd ed. 1991).
>
> A second mode of dedication is by virtue of a written act, whether in notarial form or under private signature. Yiannopoulos, Property, § 95 at 204. The act must clearly show an intent to dedicate. *Anderson v. Police Jury of the Parish of East Feliciana*, 452 So.2d 730, 734 (La.App. 1st Cir.), *writ denied*, 457 So.2d 13 (La.1984). This mode of dedication is known as **formal dedication**. Yiannopoulos, Property, § 95 at 204-205. Absent a clear expression to the contrary, a formal dedication conveys ownership of the land under the streets and may apply to those situations where there has not

been substantial compliance with LSA-R.S. 33:5051. *See Anderson*, 452 So.2d at 734.

A third mode of dedication may be accomplished without any express or written act. This is known as **implied dedication** because it is inferred from the owner's actions. A dedication by implication consists of the assent of the owner, use by the public, and maintenance by the municipality.[2] *St. Charles Parish School Board*, 674 So.2d at 222. Examples of implied dedication are the sale of lots with reference to a plan showing streets, squares, and other public places or by an informal offer to the public to use a road and acceptance by the public by actual use. *See* Yiannopoulos, Property, § 95 at 205 and § 98 at 211-212. This creates only a servitude, and acceptance by the public is necessary. *Anderson*, 452 So.2d at 734.

Finally, a fourth mode of dedication arises by virtue of LSA-R.S. 48:491, that is, the maintenance of roads and streets by authority of a parish or municipal governing authority for three years. This is known as tacit dedication. Yiannopoulos, Property, § 95 at 205 and § 98 at 212. This form of dedication creates servitudes of passage and utility. *See* Yiannopoulos, Property, § 100 at 220.

Here, as the Police Jury performed no maintenance on the road and the requirements of the other forms of dedications were not met, the trial court determined an implied dedication occurred. As noted by the Louisiana Supreme Court in *Cenac v. Public Access Water Rights Association*, 02-2660, pp. 5-6 (La. 6/27/03), 851 So.2d 1006, 1011 (footnote omitted):

Implied dedication is a common law doctrine, but it has been recognized by Louisiana courts since the nineteenth century. *See* [*St. Charles Parish Sch. Bd. v. P & L Inv. Corp.*, 95-2571 p. 5, (La. 5/21/96), 674 So.2d 218, 222]. *See also Municipality No. 2 v. Orleans Cotton Press*, 18 La. 122 (1841) (citing *City of Cincinnati v. White's Lessee*, 31 U.S. (6 Pet.) 431, 8 L.Ed. 452 (1832)). No particular formalities are required to effectuate an implied dedication. 2 A.N. YIANNOPOULOS, LOUISIANA CIVIL LAW TREATISE, PROPERTY § 98, at 214 (4th ed.2001). Traditionally, because

---

[2] The Louisiana Supreme Court in *Cenac v. Public Access Water Rights Association,* 02-2660, p. 7 (La. 6/27/03), 851 So.2d 1006, 1012, discussed below, clarified that "any jurisprudence suggesting that maintenance by the municipality is required before an implied dedication can be made is an aberration" which was repudiated, noting that while maintenance by the municipality could prove to be a factor in deciding whether an implied dedication had been made, it is not required to show an implied dedication.

3

implied dedication lacks the formalities and safeguards of the other modes of dedication, the two indispensable elements of implied dedication required by the courts are "a plain and positive intention to give and one equally plain to accept." [*St. Charles Parish Sch. Bd. v.*] *P & L Inv. Corp.*, 95-2571[,] p. 5, [(La. 5/21/96)], 674 So.2d [218,] 222 (quoting *Carrolton Rail Rd. Co. v. Municipality No. Two*, 19 La. 62, 71 (1841)). *See also Humphreys v. Bennett Oil Corp.*, 195 La. 531, 197 So. 222 (1940); *Bomar v. City of Baton Rouge*, 162 La. 342, 110 So. 497 (1926); *DeGrilleau v. Frawley*, 48 La. Ann. 184, 19 So. 151 (1896); *Town of Carrollton v. Jones*, 7 La. Ann. 233 (1852); YIANNOPOULOS § 98, at 214. Thus, implied dedication requires an unequivocally manifested intent to dedicate on the part of the owner and an equally clear intent to accept on the part of the public.

That court further stated:

> The burden of proving the implied dedication falls upon the party asserting the dedication. The question of intent to dedicate to public use is one of fact. The factual findings of a trial court should not be set aside by a court unless they are manifestly erroneous or clearly wrong.
>
> . . . .
>
> The plain and positive intent to dedicate must be shown by language or acts so clear as to exclude every other hypothesis but that of dedication. . . .
>
> > . . . . The intention to dedicate must clearly appear, though such intention may be shown by deed, by words, or acts. If by words, the words must be unequivocal, and without ambiguity. If by acts, they must be such acts as are inconsistent with any construction, except the assent to such dedication.

*Id.* at 1012-14 (internal citations omitted).

Here, the trial court performed a thorough analysis of the case law surrounding dedications and correctly noted that Mr. Lambert clearly took actions that unequivocally indicate an intent on his part to dedicate a servitude of public use over the road. As such, had the Police Jury or the Plaintiffs sought to enforce the dedication against Mr. Lambert, they would clearly prevail. However, the action before this court is not one seeking to enforce a dedication against the

developer, but rather to force the Police Jury to adopt and maintain the road at taxpayer expense. Under the plain language of *Cenac*, this would clearly require unequivocal acceptance of the road by the Police Jury. The record before this court is crystal clear. The Police Jury never accepted the road. Rather, the Police Jury unequivocally approved the subdivision with the express reservation that the road *be maintained as a private road*.

Minutes of the Avoyelles Parish Planning Commission meeting of April 27, 2005, clearly indicate that the Bayou Estates subdivision was approved by the Planning Commission upon the condition that "a statement that *the road will not be a parish road* must also be included on the plat." (Emphasis added). Further, minutes of the Planning Commission meeting of June 13, 2005, state that the Planning Commission recommended the subdivision be approved "*with the stipulation that the road will remain a private road and will not be adopted into the parish road system* until it is hard surfaced according to subdivision regulations."[3] (Emphasis added). On June 14, 2005, when the Police Jury officially approved the subdivision, it is unmistakable that the approval was granted "with [the] road stipulation." Thus, it is undeniable that the Police Jury refused to adopt the road into its care and approved the subdivision with the strict understanding that Bayou Estates Road would be a private road.

While the subdivision plat recorded in the Avoyelles Parish public records shows the plat was "approved and accepted" by two members of the Police Jury and one member of the Planning Commission, mere "[a]pproval of a plat shall not be deemed to constitute or effect an acceptance by the public of any street or other open space shown upon the plat." La.R.S. 33:113. Moreover, in light of the

---

[3] The road was never hard surfaced.

unmistakable language included in the approval of the subdivision indicating the road would remain private, the simple language indicating approval of the recorded plat does not in any way "exclude every other hypothesis but that of [acceptance of the] dedication." *Cenac*, 851 So.2d at 1014. If anything, that language approving the plat could only create an ambiguity surrounding the alleged acceptance when considered in light of the clearly manifested intent of the Police Jury, which in itself would inherently exclude any unequivocal acceptance of the road by the Police Jury.

Finally, the record shows that Mr. Lambert stated in pleadings that the "road was not donated to the Police Jury, the Police Jury never accepted title to the road, having publicly declared the road would be a private road and not accepted as a public road in 2005." It is stipulated that the Police Jury never maintained the road in any way. Plaintiffs themselves introduced multiple affidavits of homeowners in the subdivision indicating that they believed Mr. Lambert would maintain the road based on his representations to them that he, not the Police Jury, would do just that. Another affidavit shows that homeowners believed that Mr. Lambert's failure to maintain the road was a continuing tort beginning in late 2013. A plain reading of the record shows that the road was believed to be a private road which Mr. Lambert was to maintain rather than a public road subject to maintenance by the Police Jury.

It is clear and understandable that the trial court took the action it did to protect innocent homeowners who may be without other recourse in repairing the road, as Mr. Lambert and his companies have been dismissed from this litigation

via prescription.[4]  However, as the record is devoid of any evidence indicating an intent on the part of the Parish to accept Bayou Estates Road as a public road, one of the indispensable elements of an implied dedication is missing in this case.  As such, we must find that the trial court clearly erred in ruling an implied dedication was completed and that Bayou Estates Road was a public road under the authority and maintenance of the Police Jury.  Accordingly, we hereby reverse the decision of the trial court.

For the above reasons, the decision of the trial court below is hereby reversed.  Costs of this appeal are hereby assessed against the Plaintiffs.

**REVERSED.**

---

[4] Mr. Lambert, for himself and as admitted principal of Lambert's Contractors, Inc., and Cajun Maintenance, has judicially confessed in the course of this litigation that Cajun Maintenance owns the road, subject to the servitude of public use, that all three entities are aware that the "road needs maintenance and repairs," that Lambert was asked to repair the road, and that he "has refused to maintain the road."  As he has judicially confessed to knowing of ruin, vice, or defect in the road, as the owner or custodian of the road, he and/or Cajun Maintenance would clearly be answerable for any damages or injuries occasioned by its poor condition, especially in light of his judicial confession that he is refusing to exercise reasonable care in maintaining it.  *See* La.Civ.Code art. 2317.1.