McCALEB, Justice.
 

 This suit was originally brought as an action for slander of title against the defendant, Mrs. Cecilia L. Ellerbe, for the purpose of establishing a fee title to a certain strip of land situated in Caddo Parish. By the answer of the defendant, the suit was converted into a petitory action.
 

 The case was tried in the court below on a stipulation of facts and resulted in a judgment in the defendant’s favor. Plaintiff has appealed from the adverse decision.
 

 The sole question presented for our determination is whether a certain deed executed by A. H. Leonard, on December 27, 1900, in favor of the Texarkana, Shreveport & Natchez Railway Company conveyed to the latter a fee-simple title to the land therein described or whether it transferred a' servitude or easement over and through the property for railroad purposes.
 

 Plaintiff, the Texas & Pacific Railway Company, is the successor in title to the Texarkana, Shreveport & Natchez Railway Company and Mrs. Ellerbe has succeeded to whatever title Leonard had in the land. There was no extrinsic evidence introduced at the trial so that the question ■presented must be resolved from the recitals contained in the deed. The conveyance from 'Leonard reads as follows:
 

 
 *246
 
 “The State of Louisiana,
 

 “Parish of Caddo.
 

 “Personally appeared before me Allen Rendall, a Notary Public in and for said Parish, A. H. Leonard, who declares he sells and delivers to-the Texarkana Shreveport & Natchez, R. R. Co., the right of way now occupied by said Company through the land of the said Leonard in Section 26, Township 18 Range 14, Caddo Parish, containing as per map made by said Company 2
 
 41Aoo
 
 acres the right of way being one hundred feet wide. This sale is made for and in consideration of the sum of One hundred dollars cash paid the receipt of which is hereby acknowledged.
 

 “(Sgd.) A. H. Leonard.
 

 “Done and signed in presence of undersigned competent witnesses and me said Notary this 27th day of December A.D. 1900.
 

 “Witnesses: (Signed)
 

 “Clarence Ellerbe,
 

 “E. H. Randolph
 

 “Allen Rendall,
 

 “Notary Public Caddo Parish, La.”
 

 It is the contention of the plaintiff that the foregoing deed transfers more than a mere right of way over the property and that the instrument, when considered as a whole, indicates that it was the intention of Leonard to part with his fee-simple title to the land.
 

 We cannot agree with this postulation. The deed plainly discloses on its face that Leonard conveyed to the railroad company a right of way 100 feet wide over the property owned by him. The jurisprudence is well settled that the conveyance of a right of way is to be regarded as a mere servitude and not as a transfer of a fee-simple title of the land unless the deed itself evidences that the parties intended otherwise. See John T. Moore Planting Co. v. Morgan’s Louisiana & T. R. & S. S. Co., 126 La. 840, 53 So. 22; Louisiana Sulphur Mining Co. v. Brimstone R. & Canal Co., 143 La. 743, 79 So. 324; Leader Realty Co. v. Taylor, 147 La. 256, 84 So. 648; Knox v. Louisiana Ry. & Nav. Co., 157 La. 602, 102 So. 685; and Bond v. Texas & P. R. Co., 181 La. 763, 160 So. 406.
 

 In Moore Planting Co. v. Morgan’s Louisiana & T. R. & S. S. Co., supra [126 La. 840, 53 So. 23], we said: “A right of way may consist either of the fee, or merely of a right of passage and use, or servitude. Whether the one or the other is meant in any particular instrument must be gathered from the instrument as a whole.
 
 As a general rule, only a servitude is meant.”
 
 (Italics ours.)
 

 The deed in the instant case recites that Leonard sells and delivers “the right of way now occupied by said Company through the land” having a width of 100 feet and containing 241/ioo acres. Nowhere in the instrument is found anything evidencing an intention on the part of Leonard to grant to the railroad more than an absolute right to continue to use his land for the purpose for which it was then being occupied and used by the corfipany.
 

 
 *247
 
 Counsel for the plaintiff, in arguing to .the contrary, state that Leonard’s intention ±o transfer a fee-simple title to the land is :shown by the fact that the deed describes -the property conveyed and that it uses the words
 
 “the
 
 right of way" instead of “a right of way”. We are unable to follow this line of thought. It occurs to us that the only reason why the deed particularizes
 
 “the
 
 right of way” and further describes the width and acreage of the land ds because that specific property was being used by the railroad at the time the con-veyance was made and the parties desired to have it understood that the company would be fully protected in its continued use of the right of way in the future.
 

 The cases of Askew v. Vicksburg S. & P. R. Co., 171 La. 947, 132 So. 510, and Arkansas Imp. Co. v. Kansas City Southern Ry. Co., 189 La. 921, 181 So. 445, relied upon by plaintiff are not in point. In the first case, the property transferred "by the deed was a railroad right of way and “Also two acres of land for purposes of a railroad depot, to be measured off as follows, to-wit * * In holding that the two acres of land were conveyed in fee simple, we said that, since no limitation for right of way use had been placed on that land as distinguished from the .servitude conveyed in the other part of the deed, it was clearly the intention of the •vendor to make an outright conveyance of that part of the property.
 

 In the Arkansas Imp. Co. case, the Court was unable to discern from the recitals of the deed the intention manifested by the parties and the decision was based upon a construction of the ambiguous recitals in connection with extrinsic evidence.
 

 After a careful consideration of the instrument in the instant case as a whole, we are of the opinion that the District Judge was correct in resolving that it is insufficient to constitute a transfer of a fee-simple title to the property.
 

 The judgment appealed from is, therefore, affirmed.
 

 O’NIELL, C. J., does not take part.
 

 ODOM, J., absent.