540 So.2d 983 (1989)
Charles D. WALKER, Plaintiff/Appellee,
v.
James Arthur COLEMAN, Defendant/Appellee,
Ouachita Parish Police Jury, Defendant/Appellant.
No. 20309-CA.
Court of Appeal of Louisiana, Second Circuit.
February 22, 1989.
*984 Robert S. Tew, Monroe, for plaintiff/appellee.
Bruscato, Loomis & Street by Anthony J. Bruscato, Monroe, for defendant/appellee.
C. Lynn Tubb, Monroe, for defendant/appellant.
Before HALL, C.J., and MARVIN and SEXTON, JJ.
HALL, Chief Judge.
This suit involves ownership of a strip of land in Ouachita Parish which was statutorily dedicated as an alleyway by a subdivision plat filed in 1929 but was never opened or used, and which was sold in 1985 by the police jury to the plaintiff. The primary issue is whether the police jury may sell property dedicated as a street or alleyway, but never opened and no longer needed for public purposes, pursuant to LSA-R.S. 33:4711 which provides general authority to sell property not needed for public use, or whether the police jury's authority is limited to revoking the dedication in accordance with LSA-R.S. 48:701, in which case title to the street or alley reverts to the contiguous owner or owners. A second issue is whether LSA-R.S. 48:701 is unconstitutional as amounting to a donation of public property in violation of LSA-La. Const. Art. 7, § 14 (1974).
Finding that the property was not subject to alienation under LSA-R.S. 33:4711 and that plaintiff did not acquire ownership by purchase from the police jury, the district court dismissed plaintiff's suit against the defendant contiguous landowner on an exception of no right of action. The police jury, also named as a defendant, appealed. Plaintiff did not appeal and joins the defendant contiguous landowner in asking that the judgment be affirmed.
The police jury contends that the trial court erred when it found that property dedicated to public use in accordance with LSA-R.S. 33:5051, but never utilized as an alleyway or public road, was not subject to alienation under LSA-R.S. 33:4711. It also contends that if LSA-R.S. 48:701 is applied it will result in a donation to private landowners in violation of LSA-La. Const. Art. 7, § 14 (1974). For the following reasons, we affirm.
On April 13, 1929, Parker Realty Company dedicated to the public the streets and alleyways in DeSiard Terrace, a re-subdivision of Bon Air Home Place Subdivision in Ouachita Parish. The plat included a portion of Toulon Street, 50 feet in width and 295 feet in length, running east from Chatham Street and an alleyway, 200 feet north of Toulon Street, 25 feet in width and 245 feet in length, neither of which were ever improved or utilized by the public for access to the adjacent properties. A plat of the subdivision is attached to this opinion as Appendix A. In June of 1985, the police jury, upon the request of property owners adjoining the alleyway and street, adopted Ordinance No. 7962 which declared that the street and alleyway had not been improved or used by the public for access and that there exists no public use for said property. The ordinance authorized the sale of the property to the highest bidder under sealed bids. On June 21, 1985, plaintiff, Charles D. Walker, purchased the street and the alley for $6,100. The record is not clear, but apparently Walker is the owner of the property lying north of the alley and defendant James A. Coleman is the owner of the property lying south of the alley.
On June 4, 1987, Walker filed suit against Coleman demanding that he remove a metal building which encroached on the interior portion of the alleyway or pay damages. Coleman filed a peremptory exception of no right of action alleging that plaintiff did not have valid title to the property because the police jury could not sell property dedicated to public use. He alleged that the police jury could only revoke the dedication in accordance with LSA-R.S. 48:701 resulting in title reverting to the contiguous landowner. Walker subsequently amended his petition to add the police jury as a defendant, and he demanded judgment against it for the return of the property's purchase price if the trial court determined that he did not acquire title to the alleyway. The trial court sustained the exception and dismissed plaintiff's suit against Coleman. The police jury appealed. *985 Plaintiff did not appeal and joins with defendant Coleman in asking that the judgment dismissing his suit against Coleman be affirmed.
The police jury contends that since the street and alleyway were never improved or constructed on the property dedicated to the public, the property is a "private thing" subject to alienation by the police jury in accordance with LSA-R.S. 33:4711.
Walker and Coleman contend that streets and alleyways dedicated under LSA-R.S. 33:5051 are "public things" which are out of commerce and inalienable. They argue that police juries may not sell property dedicated to public use to private persons in parishes with a population of less than three hundred and twenty-five thousand persons. They further contend that LSA-R.S. 48:701 is applicable, and the police jury may only revoke the dedication in which case ownership of the street or alleyway reverts to the owner or owners of the land contiguous thereto.
LSA-R.S. 33:4711 provides:
Police juries may sell or exchange with other political corporations of this state, and may sell or lease to the other political corporations or private persons, any property owned by the police jury or the parish, when such property is no longer needed for public purposes; and police juries may grant to municipalities within their respective parishes portions of roads, streets, alleys or other public ways which may lie along and parallel or approximately parallel to any boundary of any municipality in such manner as to be partly in the municipality and partly outside of the municipality; provided such transfer shall have no effect until accepted by the municipality to which it is made.
LSA-R.S. 48:701 provides:
The parish governing authorities and municipal corporations of the state, except the parish of Orleans, may revoke and set aside the dedication of all roads, streets and alleyways laid out and dedicated to public use within the respective limits, when the roads, streets, and alleyways have been abandoned or are no longer needed for public purposes.
Upon such revocation, all of the soil covered by and embraced in the roads, streets, or alleyways up to the center line thereof, shall revert to the then present owner or owners of the land contiguous thereto.
Nothing in this Section shall be construed as repealing any of the provisions of special statutes or charters of incorporated municipalities granting the right to close or alter roads or streets.
When property is formally dedicated to the public, actual use by the public is unnecessary and the dedication becomes complete upon recordation of a map containing a description of the streets and alleyways dedicated. The effect of formal dedication is to divest the original owner of title and vest it in the political subdivision. The property so dedicated has the status of public property. City of Covington v. Glockner, 486 So.2d 837 (La.App. 1st Cir. 1986), writ denied 488 So.2d 693 (La.1986); Anderson v. Police Jury of Parish of East Feliciana, 452 So.2d 730 (La.App. 1st Cir. 1984), writ denied 457 So.2d 13 (La.1984).
Public things cannot be alienated or appropriated to private use. The streets which belong to political subdivisions of the state are owned for the benefit of the public. A political subdivision owns a street subject to public use in its capacity as a public person. Such property, held as a public trust, is inalienable while it is being used by the public. LSA-C.C. Art. 450; Coliseum Square Association v. City of New Orleans, 538 So.2d 222 (La.Sup.Ct. 1989).
Regardless of the use or improvement of dedicated streets and alleyways, they are public things until the political subdivision formally determines that they are no longer needed for public purposes. Although a dedicated street or alleyway may be unimproved, the police jury at anytime could decide to improve them for the benefit of the public. When the political subdivision formally determines that the thing dedicated to public use is no longer needed by the public, the thing ceases to be *986 public and becomes a private thing of the political subdivision. After this determination, the private thing is alienable but only in accordance with applicable law. See Yiannopoulos, Louisiana Civil Law Treatise, Property, Vol. 2, § 71, p. 210 (1980).
Although LSA-R.S. 33:4711 provides the general authority for police juries to dispose of public property no longer needed by the public, LSA-R.S. 48:701 is a special law which specifically applies to streets and alleyways dedicated to public use in accordance with LSA-R.S. 33:5051. As a special law it takes precedence over LSA-R.S. 33:4711 which deals with alienation of parish or police jury property generally. Yiannopoulos, Louisiana Civil Law Treatise, supra. The authority of a police jury to revoke statutory dedications of streets or alleys is derived from LSA-R. S. 48:701 and necessarily is subject to the provisions of that statute. Caz-Perk Realty, Inc. v. Police Jury of Parish of East Baton Rouge, 213 La. 935, 35 So.2d 860 (1948); Anderson v. Police Jury of Parish of East Feliciana, supra.
Therefore, in parishes with a population of less than three hundred twenty-five thousand persons, the police jury may determine that roads, streets, and alleyways dedicated to public use are no longer needed for public purposes but it may only revoke the dedication. Upon such revocation, all of the soil covered by and embraced in the roads, streets, or alleyways up to the center line thereof, shall revert to the then present owner or owners of the land contiguous thereto.[1]
The police jury contends that LSA-R.S. 48:701 is unconstitutional since upon revocation of the dedication, the property, up to the center line, is transferred to the present contiguous landowners without consideration. It argues that such a transfer of ownership would be a donation in violation of LSA-La. Const. Art. 7, § 14 (1974).
The reversion of dedicated property by revocation of the dedication is not a donation as contemplated by Article 7, section 14. The statutory scheme of LSA-R.S. 33:5051 and LSA-R.S. 48:701, read together, is that subdividers are required to dedicate the streets and alleys shown on the subdivision plat to public use, but that upon revocation of such dedication ownership of the streets and alleys reverts to the contiguous owners. The legislature has authority to require the dedication and at the same time has the authority to regulate the effect of the dedication and a revocation thereof. Reversion of title under the statute does not amount to a donation under the constitutional article.
The judgment of the trial court is affirmed. Costs of the appeal are assessed to the police jury.
AFFIRMED.
*987 
NOTES
[1] We recognize that police juries may revoke the dedication of property no longer needed for public use and sell it to other governmental entities in accordance with LSA-R.S. 33:4717. LSA-R.S. 48:702 allows the revocation and exchange of dedicated roads, streets, or alleyways for other property whenever governing authorities of any parish or municipal corporation of the state desire to construct a road, street, or alleyway and the new construction appears to make the dedicated property unnecessary to the public welfare. LSA-R.S. 48:711 et. seq. allows the sale or exchange of dedicated property in parishes with a population in excess of three hundred twenty-five thousand persons, St. Tammany Parish, and the City of Slidell. LSA-R.S. 48:711 et seq. does not apply to Ouachita Parish.