Dear Mr. Dugas:
As counsel for East Ascension Hospital Service District (the "District"), you have requested the opinion of this office regarding possible lease of a District owned and operated Hospital to a private entity. According to your request, the District Hospital has been operating at a significant financial loss the past few years with no indication that this situation will improve unless changes are made. The financial strain has also affected the District's ability to address other health care needs of the residents of Ascension Parish.
The District has entered into discussions with a private for-profit company that currently owns or manages twelve (12) hospitals in six (6) states. A Special Services Lease Agreement executed pursuant to LSA-R.S. 46:1055 is proposed whereby the District would lease its hospital, related hospital real estate and furniture, fixtures and equipment at fair market value and in return the private entity would assume the total property management and payment of all costs associated with the maintenance and operation of the Hospital, other related facilities and future acquired facilities, in a manner consistent with the purposes, objectives and services provided by the District. The proposed lease would be for a period of five (5) years, with an automatic renewal for three (3) additional five (5) year terms unless terminated prior to renewal.
Your request further states that the District will fully comply with all of the requirements set forth in R.S. 46:1055, including the notice provisions, requirement that the private entity make permanent improvements to the hospital of not less that $1,000,000 during the lease term, and compliance with the Public Bid Law for any improvements performed pursuant to the lease agreement. In addition, the proposed Special Services Lease Agreement will be reviewed by the Office of the Attorney General as required by LSA-R.S. 40:2115.11. *Page 2 
Specifically, you request clarification from our office on the requirements that must be satisfied in order for the District to lease the Hospital to a private for-profit entity pursuant to a proposed Special Services Lease Agreement, and whether or not a public referendum is required under these circumstances.
Pursuant to R.S. 46:1051 and 46:1053, a hospital service district is a duly constituted political subdivision of the State of Louisiana governed by a board of five commissioners. R.S.46:1052 provides for the objects of the districts with section 1051(5) stating that one such object shall be "to cooperate with other public and private institutions and agencies engaged in providing hospital and other health services to residents of the district."
R.S. 46:1055 outlines the powers and duties of the hospital service commission, which include the following:
 B. In addition to the powers and duties set forth in Subsection A of this Section, the commission may enter into a special services agreement with any person, including, but not limited to a hospital management firm or hospitals, to manage, operate, and administer a hospital or hospitals, or any part thereof, under the control of the commission for the benefit of the hospital service district. Any special services agreement may include a negotiated lease of the district's facilities where the agreement provides for permanent improvements to be made, constructed, or placed upon the leased facilities in the amount of not less than one million dollars, providing that the term of the lease shall not exceed fifty years, and the lessor shall reserve all mineral rights to any land involved. . . . . The notice of intent to enter into a special services agreement shall be published in the official journal at least sixty days prior to the effective date of the contract. However, any such hospital service district, including any such district which has contracted with an association or private entity primarily engaged in the operation of hospitals to manage, operate, and administer a hospital or hospitals within the hospital service district, shall be considered a public entity as defined under the provisions of R.S. 38:2211(A)(1) and all construction work undertaken shall be performed in accordance with the provisions of R.S. 38:2212. The provisions of this Subsection shall not apply to any facility of the charity hospital system of the state of Louisiana.
In addition to the authority to enter into special service lease agreements set forth in R.S. 46:1055B, there is specific authority for a hospital service district to negotiate the lease of its facilities without compliance with the Public Lease Law. R.S. 46:1074A provides as follows: *Page 3 
 A. In addition to the powers and duties otherwise provided and notwithstanding the provisions of R.S. 41:1211 et seq. or any other law to the contrary, a hospital service district commission and any health facility it owns or operates . . . may negotiate the lease of such medical office buildings and facilities or portions thereof provided the lease rental shall be sufficient to recoup over a period of twenty years the capital investment of such hospital service district commission or that of any health facility it owns or operates.
A determination should be made pursuant to LSA-R.S. 40:2115.11
set seq., as you allege in your opinion request, to establish whether the proposed Special Services Lease Agreement satisfies the conditions of R.S. 46:1055 and R.S. 46:1074A. Furthermore, the statutes described above authorizing the District to enter into such a lease agreement operate as an exemption from the general law in situations such as those reflected in the Hospital Districts authorizing legislation. (See Amold v. Board of LeveeCommissioners of the Orleans Levee District, 366 So.2d 1321, (La. 1978) and Walker v. Ouachita Parish Police Jury,540 So.2d 983 (2nd Cir. 1989)). These special laws take precedence over statutes which provide general authority for the lease of public property including the Public Lease Law (R.S. 41:1211 et seq.) and R.S. 33:4341 requiring a public referendum for the sale and/or lease of revenue-producing utility properties.
It is therefore, the opinion of this office that, subject to compliance with the provisions of LSA-R.S. 40:2115.11 et seq., relating to the review and approval of hospital acquisitions by the attorney general, the East Ascension Hospital Service District may enter into a Special Services Lease Agreement as described in the opinion request and in a manner consistent with the purposes, objectives and services of the District and executed in accordance with the requirements of R.S. 46:1055 and46:1074A, without the necessity of compliance with the Public Lease Law (LSA-R.S. 41:1211 et seq.) and without the necessity of a public referendum as set forth in R.S. 33:4341.
We trust the foregoing to be of assistance. Please do not hesitate to contact this office if we can be of assistance in other areas of the law.
 Yours very truly,
 CHARLES C. FOTI, JR.
 Attorney General
 BY: ________________
 RICHARD L. McGIMSEY
 Assistant Attorney General