951 So.2d 289 (2006)
Rachel ESKIND, Individually, and on Behalf of Her Daughter, Annette Verrett
v.
Carroll MARCEL, Carroll's Heating & Air, Inc., and U.S. Agencies Casualty Insurance Company.
Nos. 2006 CA 0369, 2006 CW 1185.
Court of Appeal of Louisiana, First Circuit.
December 28, 2006.
*290 Scott A. Cannon, Slidell, Counsel for Third-Party Defendant/Appellant U.S. Agencies Casualty Insurance Company.
Jerry H. Schwab, Danna E. Schwab, Houma, Counsel for Defendant/Third-Party Plaintiff/Appellee Carroll Marcel.
Karla G. Spinella, Houma, Counsel for Plaintiff Rachel Eskind, individually, and on behalf of her daughter, Annette Verrett.
Before: PARRO, GUIDRY, and McCLENDON, JJ.
GUIDRY, J.
An insurer appeals a summary judgment rendered in favor of its insured relative to the insured's third-party demand against the insurer for the expenses associated with the insured retaining separate legal counsel to represent him for excess exposure in a personal injury suit.

FACTS AND PROCEDURAL HISTORY
On December 6, 2002, an accident occurred in which a motorist, Carroll Marcel (Marcel), struck eleven-year-old Annette Verrett (Annette) when she ran out into the roadway in the path of Marcel's vehicle. Rachel Eskind (Eskind), Annette's mother, later filed a petition for damages, individually and on behalf of Annette, on February 27, 2003, against Marcel asserting various claims relative to the injuries Annette sustained in the accident. Eskind also named as defendants in the petition, Carroll's Heating & Air, Inc., based on the allegation that Marcel was acting in the course and scope of his employment with the company at the time of the accident, and U.S. Agencies Casualty Insurance Company (U.S.Agencies), as Marcel's liability insurer.
On April 4, 2003, counsel obtained by U.S. Agencies[1] filed an answer on behalf of Marcel and U.S. Agencies, denying liability for the damages claimed in Eskind's petition;[2] however, in a letter dated April *291 3, 2003, Jill R. Green had advised Marcel that she had been assigned to defend him in the suit filed by Eskind. She further advised Marcel that based on the allegations in the Eskind petition, the damages sought might exceed the liability limits of the U.S. Agencies policy[3] and that "a court could render judgment in excess of the policy limits" against him, for which excess amount Marcel would be personally responsible. Green therefore advised:
Although U.S. Agencies will pay our fees, which include defending you in accordance with the terms, conditions, and limitations of the policy, you have the right, at your own expense, to retain an attorney of your choosing. If you elect to retain your own attorney, this office will cooperate fully with that attorney.
Marcel thereafter retained Jerry H. Schwab (Schwab) to represent him in regard to his liability exposure in excess of the coverage provided under the U.S. Agencies policy.
On February 12, 2004, U.S. Agencies filed a "Motion for Declaratory Judgment,"[4] wherein it sought a declaration from the court that it no longer had a duty to defend Marcel in the suit filed by Eskind because the insurer had reached an agreement with Eskind to pay the policy limits and had tendered such payment. Thereafter, Eskind filed a motion seeking an order to dismiss the claims against U.S. Agencies with full prejudice, while "reserving their rights against all other parties." The trial court signed an order of dismissal on March 24, 2004.
In response to the motion for declaratory judgment and the order of dismissal, Schwab officially enrolled as co-counsel for Marcel and filed a third-party demand on Marcel's behalf against U.S. Agencies, wherein he alleged that U.S. Agencies had breached its duty to defend Marcel against Eskind's claims. Thus, Marcel sought indemnification from U.S. Agencies "for all expenses, costs, and attorney's fees which [he] has incurred, or which he may incur in defense of the original claim herein." Marcel later amended the third-party demand to allege that U.S. Agencies breached its duty to defend and was in bad faith, that its actions were arbitrary, capricious, and without probable cause, and accordingly, that U.S. Agencies was liable for attorney's fees, costs, expenses that Marcel incurred and continued to incur, and such penalties as allowed by law. U.S. Agencies filed an answer denying the allegations of the original and amended third-party demands.[5]
Thereafter, Marcel and U.S. Agencies filed cross motions for summary judgment,[6] seeking a declaration from the court regarding U.S. Agencies' duty to defend. At a hearing on the motions, the trial court denied the relief sought by U.S. Agencies and granted the motion for summary judgment filed by Marcel, awarding Marcel $18,954.10 in attorney's fees and all *292 costs associated therewith, together with legal interest due thereon from date of judicial demand until paid. U.S. Agencies suspensively appealed that portion of the judgment rendered in favor of Marcel and filed an application for supervisory writs relative to that portion of the judgment denying its motion for summary judgment. The writ application was referred to the panel herein for review in conjunction with the subject appeal. See Eskind v. Marcel, XXXX-XXXX (La.App. 1st Cir.8/7/06) (unpublished writ action). Hence, both matters will be addressed in the context of this appeal.

ASSIGNMENTS OF ERROR
On appeal, U.S. Agencies asserts that the trial court's judgment is erroneous in the following respects:
(1) The Trial Court Erred by Ruling That [U.S. Agencies] Must Continue to Defend Carroll Marcel[;]
(2) The Trial Court Erred by Failing to Deny Carroll Marcel's Motion for Summary Judgment as Premature;
(3) The Trial Court Erred by Failing to Deny Carroll Marcel's Motion for Summary Judgment Because it Required the Weighing [of] Evidence;
(4) The Trial Court Erred in its Factual Conclusion That [U.S. Agencies'] Defense of Carroll Marcel Was So Poor That It Amounted to Bad Faith;
(5) The Trial Court Erred by Concluding that [U.S. Agencies] had to Hire an Attorney for Mr. Marcel to Oppose [U.S. Agencies'] Motion to Withdraw its Defense of Carroll Marcel;
(6) The Trial Court Erred by Awarding Carroll Marcel Attorney's Fees.

STANDARD OF REVIEW
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact. Fagan v. LeBlanc, 04-2743, p. 5 (La.App. 1st Cir.2/10/06), 928 So.2d 571, 574. Summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B).
A motion for summary judgment is rarely appropriate for disposition of a case requiring judicial determination of subjective facts such as intent, motive, malice, good faith, or knowledge. Bilbo for Basnaw v. Shelter Insurance Company, 96-1476, p. 5 (La.App. 1st Cir.7/30/97), 698 So.2d 691, 694, writ denied, 97-2198 (La.11/21/97), 703 So.2d 1312. Further, issues that require the determination of reasonableness of acts and conduct of parties under all facts and circumstances of the case cannot ordinarily be disposed of by summary judgment. Granda v. State Farm Mutual Insurance Company, 04-1722, pp. 4-5 (La.App. 1st Cir. 2/10/06), 935 So.2d 703, 707, writ denied, 06-0589 (La.5/5/06), 927 So.2d 326.
On appeal, summary judgments are reviewed de novo under the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. Sunrise Construction and Development Corporation v. Coast Waterworks, Inc., 00-0303, p. 4 (La.App. 1st Cir.6/22/01), 806 So.2d 1, 3, writ denied, 01-2577 (La.1/11/02), 807 So.2d 235.

DISCUSSION
In its third assignment of error, U.S. Agencies asserts that the trial court improperly granted summary judgment in favor of Marcel. We agree. The summary judgment granted in favor of Marcel was predicated on a finding that U.S. *293 Agencies had acted in bad faith in defending Marcel and in seeking to terminate its duty-to-defend obligation.
A liability insurer, in the absence of bad faith, is generally free to settle or to litigate at its own discretion, without liability to its insured for a judgment in excess of the policy limits. Gourley v. Prudential Property and Casualty Insurance Company, 98-0934, pp. 6-7 (La.App. 1st Cir.5/14/99), 734 So.2d 940, 944, writ denied, 99-1777 (La.10/8/99), 750 So.2d 969. However, a liability insurer is the representative of the interests of its insured, and when handling a claim against its insured must carefully consider not only its own self-interest, but also its insured's interest, to protect the insured from exposure to excess liability. Lafauci v. Jenkins, 01-2960, p. 13 (La.App. 1st Cir.1/15/03), 844 So.2d 19, 28, writ denied, 03-0498 (La.4/25/03), 842 So.2d 403. The determination of good or bad faith regarding an insurer's decision to proceed to trial or not involves the weighing of many factors, including the probability of the insured's liability, the extent of the damages incurred by the claimant, the amount of the policy limits, the adequacy of the insurer's investigation, and the openness of communications between the insurer and the insured. See Lafauci, 01-2960 at 13, 844 So.2d at 28-29. These factors were asserted by Marcel and considered by the trial court in support of Marcel's motion for summary judgment. Thus, the trial court improperly granted summary judgment because in rendering the judgment, the trial court clearly had to determine the "reasonableness of [the] acts and conduct" of U.S. Agencies "under all facts and circumstances of the case" and conclude that U.S. Agencies had acted in bad faith. See Granda, 04-1722 at 4-5, 935 So.2d at 707; Bilbo for Basnaw, 96-1476 at 5, 698 So.2d at 694. In so finding, we pretermit consideration of the remaining assignments of error alleged by U.S. Agencies.
Likewise, we decline to exercise our supervisory jurisdiction with respect to U.S. Agencies' writ application seeking reversal of that part of the trial court's judgment denying its motion for summary judgment. The determination of whether U.S. Agencies should be released from its obligation to defend Marcel also depends on a determination of whether U.S. Agencies acted in good faith.
Finally, in answer to the appeal, Marcel requested that this court amend the judgment to award additional attorney's fees for the work performed by counsel in defending the appeal, to assess penalties against U.S. Agencies for being arbitrary and capricious and for acting in bad faith, and to order U.S. Agencies to pay all costs incurred in this court and below. As we have ruled in favor of U.S. Agencies on its appeal, we deny the relief requested by Marcel in his answer to the appeal.

CONCLUSION
For the foregoing reasons, we reverse the summary judgment rendered in favor of Marcel. We also decline to exercise our supervisory jurisdiction to consider the writ application filed by U.S. Agencies. Further, we deny the request for additional damages and attorney's fees submitted by Marcel in answer to the appeal. This matter is thus remanded to the trial court for further proceedings. All costs of this appeal are assessed equally to the parties.
JUDGMENT REVERSED IN PART, AFFIRMED IN PART, AND CASE REMANDED; WRIT APPLICATION DENIED.
McCLENDON, J., concurs, and assigns reasons.
*294 To the extent that there are genuine issues of material fact in this matter as to whether U.S. Agencies fulfilled its fiduciary duties to its insured and whether U.S. Agencies' attempt to withdraw its defense of the insured was in good faith, I concur with the result reached by the majority.
NOTES
[1] Jill R. Green and Michael H. Hogg of the law firm Hogg & Green submitted the answer on behalf on Marcel and U.S. Agencies.
[2] Carroll's Heating & Air, Inc. separately answered the Eskind petition, denying any liability for the damages asserted. Jerry H. Schwab submitted the answer on behalf of Carroll's Heating & Air, Inc.
[3] The liability limits of the U.S. Agencies policy were $10,000 per person and $20,000 per accident.
[4] Joseph R. McMahon (McMahon) filed the motion for declaratory judgment on behalf of U.S. Agencies.
[5] This pleading was filed by McMahon.
[6] The record reveals that U.S. Agencies withdrew its initial motion for declaratory judgment, observing that such relief properly should have been sought in a separate action; however, it later filed a cross motion for summary judgment again seeking a declaration from the court that its duty to defend Marcel had been extinguished once the policy limits had been exhausted upon payment of those limits to Eskind.