Dear Mr. Wimberly:
On behalf of the Acadia Parish Police Jury (the "Parish"), you have requested the Attorney General's opinion on the authority of the Parish to dispose of certain rights-of-way on statutorily dedicated streets in the community of Maxie. More specifically, you have presented the following facts:
Pursuant to La.R.S. 33:5051, Acadia Parish acquired ownership of certain property in the vicinity of the community of Maxie, Louisiana. Ownership of this property was obtained on May 18, 1955, by the filing of a plat entitled "MAP of MAXIE," formally dedicating the streets in question to the Parish. The plat identified several streets in the community, with rights-of-way ranging from seventy (70) feet to one hundred (100) feet. You have further stated that the Parish has maintained the roads, as depicted in the plat, utilizing rights-of-way ranging from fifty (50) to sixty (60) feet.
Moreover, you have provided that the owners of property adjacent to one of the streets have requested that the Parish abandon that portion of the rights-of-way not currently in use or otherwise needed by the Parish for maintenance of the streets. A public hearing was held in order to receive comments regarding the public need for the excess width of the rights-of-way and no comments were received. You are now requesting the opinion of this Office regarding the permissible ways in which the Parish can dispose of the property. You have specifically offered the following questions for our review:
 1. Does the Acadia Parish Police Jury have the power/authority to abandon property acquired pursuant to R.S. 33:5051, if it has been determined that said property serves no public purpose?
 2. Does the Acadia Parish Police Jury have the power/authority to exchange with a private person or entity, property acquired pursuant to R.S. 33:5051, if it has been determined that said property serves no public purpose? *Page 2 
 3. Does the Acadia Parish Police Jury have the power/authority to sell property acquired pursuant to R.S. 33:5051, if it has been determined that said property serves no public purpose?
Each of these questions are addressed in more detail herein.
I. Disposition of Public Property
La.R.S. 33:5051 provides, in pertinent part, that whenever the owner of any real estate desires to divide that real estate into squares or lots with streets or alleys between the squares or lots with the intention of selling any of the squares or lots, the owner shall cause a map of the subdivided property to be made and filed with the keeper of the notarial records of the parish wherein the property is located. La.R.S. 33:5051 (A). One requirement regarding the contents of the map to be filed is that it contain "a formal dedication made by the owner or owners of the property . . . of all the streets, alleys, and public squares or plats shown on the map to public use." La.R.S. 33:5051
(B)(7).
When property is formally dedicated to the public, the dedication becomes complete upon recordation of the map containing a description of the streets and alleyways dedicated. City of Covington v. Glockner,486 So.2d 837 (La.App. 1 Cir. 1986), writ denied, 488 So.2d 692 (La. 1986). Furthermore, the jurisprudence in our State is well settled that a statutory dedication vests full ownership in a municipality, parish, or the State of Louisiana, depending upon where the street or road is located, in this case-Acadia Parish.[1] Garret et al. v. PioneerProduction Corporation et al., 390 So.2d 851 (La. 1980). As such, a street or alleyway owned by the Parish is owned for the benefit of the public and such property is inalienable while it is being used by the public. La.C.C. Art. 450; Walker v. Coleman, 540 So.2d 983 (La. 1989).
However, when the Parish formally determines that the thing dedicated to public use is no longer needed by the public, the thing ceases to be public and becomes a private thing of the political subdivision. After this determination, the private thing is alienable but only in accordance with the applicable law. See, Yiannopoulos, 2 La. Civ. Law Treastise, Property, § 52 (4th ed.) (2008); Walker at 986.
Generally, La.R.S. 33:4711 provides the general authority for police juries to dispose of public property no longer needed by the public. This statute provides:
 Police juries may sell or exchange with other political corporations of this state, and may sell or lease to other political corporations or private *Page 3 
persons, any property owned by the police jury or the parish, when such property is no longer needed for public purposes . . .
La.R.S. 33:4711. However, this statute must be read in conjunction with La.R.S. 48:701, which specifically applies to the abandonment of streets and alleyways dedicated to public use in accordance with La.R.S. 33:5051. La.C.C. Art. 13. La.R.S. 48:701 states:
 The parish governing authorities and municipal corporations of the state, except the parish of Orleans, may revoke and set aside the dedication of all roads, streets, and alleyways laid out and dedicated to public use within the respective limits, when the roads, streets, and alleyways have been abandoned or are no longer needed for public purposes.
 Upon such revocation, all of the soil covered by and embraced in the roads, streets, or alleyways up to the center line thereof, shall revert to the then present owner or owners of the land contiguous thereto.
A specific rule of law takes precedence over a more general rule of law.See, generally, Esteve v. Allstate Ins. Co., 351 So.2d 117 (La. 1977). Thus, because La.R.S. 48:701 is a special law which specifically applies to streets and alleyways dedicated to public use in accordance with La. S.S. 33:5051, it takes precedence over La.R.S. 33:4711 which deals with alienation of parish or police jury property generally.Walker at 986. As a result, in order to properly answer the questions you have presented to this Office, it important to first note that the authority of a police jury to revoke statutory dedications of streets or alleys is derived from La.R.S. 48:701 and necessarily is subject to the provisions of that statute.
 A. Revocation and Abandonment of Statutorily DedicatedStreets
Pursuant to the provisions of La.R.S. 48:701 cited herein, parish governing authorities may revoke the dedication of streets within their jurisdiction if a determination is made that the streets have been abandoned or are no longer needed for public purposes. See, Caz-PerkReality v. Police Jury of Parish of East Baton Rouge, 35 So.2d 860 (La. 1948); La. Atty. Gen. Op. 99-84. Thus, it is the opinion of this Office that the Acadia Parish Police Jury does have the power to abandon those portions of the rights-of-way previously dedicated to the Parish under La.R.S. 33:5051 that the Parish has determined are no longer serving a public purpose. Furthermore, the Louisiana Supreme Court has ruled that a formal act is necessary to revoke a statutorily dedicated public roadway, and must be recorded to affect third parties. State Dept. ofTransportation Development, v. Scramuzza, 96-1796 (La. 4/8/97),692 So.2d 1024; La. Atty. Gen. Op. 99-84.
It should be noted that, according to the facts presented to us, the Parish seeks to revoke only that portion of the street or right-of-way not utilized for maintenance, or any *Page 4 
other public purpose, and not the entire street. Although the provisions of La.R.S. 48:701 authorize, generally, the revocation of dedicated roads, streets, and alleyways, it is the opinion of this Office that this authorization would also allow for a revocation of only a portion of the dedicated road, street, or alleyway as long as a proper determination has been made that such portion of the street has been abandoned or is no longer needed for public purposes. See, e.g., Miller v. Calcasieu ParishPolice Jury, 441 So.2d 306 (La.App. 3 Cir. 1984), writ denied 444 So.2d 121
(La. 1984) (whereby the Calcasieu Policy Jury abandoned the northern 200 feet of a public road).
 B. Revocation and Exchange or Sale Statutorily Dedicated Streets
There are provisions in Louisiana's Revised Statutes that provide a local governing body with the authority to sell or exchange property no longer needed for a public purpose. For example, La.R.S. 48:702 allows the revocation and exchange of dedicated roads, streets, or alleyways for other property whenever governing authorities of any parish or municipal corporation of the State desire to construct a road, street, or alleyway and the new construction appears to make the dedicated property unnecessary to the public welfare. La.R.S. 48:711 et seq.
allows the sale or exchange of dedicated property in parishes with a population in excess of three hundred twenty-five thousand persons, St. Tammany Parish, and the City of Slidell; however, this statute does not apply to Acadia Parish. Finally, La.R.S. 33:4717 allows the governing authority of any parish or municipality to revoke the dedication of streets, or other property, no longer needed for public use and sell it to other governmental entities.
Thus, it is the opinion of this Office that Acadia Parish does have the authority to exchange with a private person or entity the statutorily dedicated property, but only if the requirements of La.R.S. 48:702 are met.[2] The Acadia Parish Police Jury also has the authority to revoke and sell the dedicated property, but the property may only be sold to certain other governmental entities, identified in La.R.S. 33:4717, and such sale is subject to the additional constraints of that statute. This Office is without sufficient information to make a determination on whether the conditions for exchange and/or sale, as provided for in the aforementioned statutes, can be met in this specific matter.
II. Conclusion *Page 5 
In summation, this Office offers the following in regards to your specific questions:
 1. Under the provisions of La.R.S. 48:701, the Parish has the authority to revoke statutorily dedicated property if such property no longer serves a public purpose.
 2. The Parish has the authority to exchange with a private person or entity statutorily dedicated property, but only in accordance with the requirements of La.R.S. 48:702.
 3. The Parish has the authority to sell statutorily dedicated property to certain other governmental entities, but this authority is subject to the provisions of La.R.S. 33:4717.
We hope that this sufficiently answers your inquiry, however if we may be of further assistance please do not hesitate to contact our Office.
 Yours truly,
 JAMES D. "BUDDY" CALDWELL Attorney General
 By: __________________________ Megan K. Terrell Assistant Attorney General
 JDC/MKT/tp
[1] In Louisiana, there are four methods of dedication: formal, statutory, implied, and tacit. Vernon Parish Police Jury v. Buckley, 2000-00045 (La.App. 3 Cir. 11/2/00), 776 So.2d 17, citing Yiannopoulos, 2La. Civ. Law Treatise, Property § 96, at 206 (3rd ed.) (1991). Formal and statutory dedications transfer ownership of the property to the public unless it is expressly or impliedly retained, in which case the public acquires a servitude of public use. Id. Both implied and tacit dedications create only servitudes of public use. Id.
[2] It is worth noting that at least one court has held that the reversion of dedicated property by revocation of the dedication is not a donation as contemplated by Article 7, section 14. Walker v. Coleman,540 So.2d at 986. The court there stated:
 The statutory scheme of LSA-R.S. 33:5051 and LSA-R.S. 48:701, read together, is that subdividers are required to dedicate the streets and alleys shown on the subdivision plat to public use, but that upon revocation of such dedication ownership of the streets and alleys reverts to the contiguous owners. The legislature has authority to require the dedication and at the same time has the authority to regulate the effect of the dedication and a revocation thereof. Reversion of title under the statute does not amount to a donation under the constitutional article.