*444
 
 JAMES F. McKAY III, Judge.
 

 bln this action on a petition for posses-sory action, the trial court granted a summary judgment in favor of the defendant, Sewerage and Water Board of New Or-, leans, and against the plaintiff, Woodland Properties, L.L.C. We reverse and remand.
 

 FACTS AND PROCEDURAL HISTORY
 

 On August 31, 1942, Ernest B. Norman transferred to the State of Louisiana and the Department of Highways a “right of way” over certain real estate which he owned, pursuant to a document entitled “Right of Way Deed.” One of the properties subject to the right of way is described in the deed as Parcel 1-B. The state ultimately ended up not needing the right of way over this particular property and in 1994 renounced its interest in the servitude by issuing a quitclaim deed in favor of Mr. Norman’s successors. In 1998, Woodland Properties, L.L.C. became the successor-in-title to the property.
 

 In 2002, Woodland entered into an option to sell the property to Mr. and Mrs. Reginald Johnson who intended to build a home on the property. A survey | ¿revealed the existence of a 16-inch underground asbestos cement waterline running parallel to the southernmost diagonal property line, directly across the property. The waterline is owned by Sewerage and Water Board of New Orleans (SWB) and was installed in or about 1965. The SWB admitted that it never asked Mr. Norman or his successors-in-title for permission to construct the waterline but simply obtained a permit from the State to install the waterline under the property. Based on the problems presented by the waterline, the Johnsons withdrew from the option and cancelled the potential sale. Thereafter, Woodland proposed that the SWB remove the waterline or purchase the property, as it was effectively removed from commerce due to the SWB waterline and its claimed maintenance servitude. The SWB refused and Woodland instituted - this action.
 

 On December 3, 2007, Woodland filed a motion for summary judgment. Woodland asserted that the only right conveyed in the deed by its predecessor-in-title to the state was a servitude of right of way, not fee ownership. Therefore, the state did not have the right to authorize the SWB to install the waterline under the property; only Woodland’s predecessor-in-title, as fee owner of the property could grant permission to the SWB for the waterline to be installed on the property. Since the SWB did not obtain such permission or authority, Woodland asserted that it was entitled to judgment as a matter of law. The trial court denied Woodland’s motion for summary judgment.
 

 On July 1, 2009, the SWB filed its own motion for summary judgment, alleging that Mr. Norman transferred full ownership of the property to the state via |sthe deed in 1942, and that, since the state issued the SWB a permit allowing it to place the waterline on the property in 1965, before the state quitclaimed the right of way back to Mr. Norman’s successors in 1994, it was not required to obtain permission from Mr. Norman or his successors. On October 12, 2009, the trial court granted the SWB’s motion for summary judgment and dismissed Woodland’s lawsuit with prejudice. It is from this judgment that Woodland now appeals.
 

 DISCUSSION
 

 This Court reviews a trial court’s decision granting summary judgment
 
 de novo,
 
 using the same standard applied by the trial court in deciding the motion for summary judgment.
 
 Schmidt v. Chevez,
 
 2000-2456, p. 4 (La.App. 4 Cir. 1/10/01), 778 So.2d 668, 670. Although Louisiana courts
 
 *445
 
 favor summary judgment, summary judgment is appropriate only when no genuine issues of material fact exist. La. C.C.P. art. 966. A fact becomes “material” when “its existence or nonexistence may be essential to plaintiffs cause of action under the applicable theory of recovery.”
 
 Smith v. Our Lady of the Lake Hosp. Inc,
 
 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751. A “material fact” is one that could “potentially insure or preclude recovery, affect a litigant’s ultimate success, or determine the outcome of the legal dispute.”
 
 Id.
 
 If doubts arise regarding the existence of a material issue of fact, the court must refuse the motion and instead, proceed with a trial on the merits.
 
 Id.
 

 |4In order to determine whether a fact is material, a reviewing court must evaluate the substantive law that governs the litigation at issue.
 
 Davenport v. Albertson’s, Inc.,
 
 2000-0685, p. 2 (La.App. 3 Cir. 12/6/00), 774 So.2d 340, 342;
 
 In re Medical Review Panel Proceedings Reidling v. Smith,
 
 2002-0778, p. 4 (La.App. 4 Cir. 9/18/02), 828 So.2d 656, 659. To meet the burden for summary judgment, the mov-ant must show that “any real doubts as to the existence of any genuine issue of material fact” is excluded.
 
 Vermilion Corp. v. Vaughn,
 
 397 So.2d 490, 493 (La.1981). Only if the movant has made a
 
 prima facie
 
 showing that summary judgment should be granted, does the burden shift to the non-movant, who must produce evidence to the contrary.
 
 Babin v. Winn-Dixie Louisiana, Inc.,
 
 2000-0078, p. 4 (La.6/30/00), 764 So.2d 37, 40. If reasonable minds could differ on the issue, summary judgment is not proper.
 
 See Thornhill v. Black, Sivalls & Bryson, Inc.,
 
 394 So.2d 1189, 1191 (La.1981).
 

 The issue before this Court is whether the facts are clear that the state had the authority to grant the SWB the right to install the waterline on the property. Therefore, we must look to the Right of Way Deed executed by Mr. Norman. “When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation need be made into the parties’ intent.” La. C.C. art. 2046;
 
 see also Abshire v. Vermilion Parish School Board,
 
 2002-2881, p. 5 (La.6/27/03), 848 So.2d 552, 555. Louisiana’s “jurisprudence is well settled thát the instrument as a whole must be considered in arriving at what was meant in the dedication, and that unless the deed itself evidences the parties intended otherwise, | Bthe conveyance of a right of way is the grant of a servitude and not a transfer of title to the land.”
 
 Taylor v. Dunn,
 
 233 La. 617, 630, 97 So.2d 415, 420 (1957)
 
 (citing Texas & Pac. Ry. Co. v. Ellerbe,
 
 199 La. 489, 492, 6 So.2d 556, 557). In the instant case, the only right conveyed by Mr. Norman in the Right of Way Deed to the state was a highway servitude of “right of way,” not full fee ownership. The repeated use of “right of way” signifies the intent to grant just a servitude.
 

 The right of imposing a servitude belongs solely to the owner of the property alone, as no one can transfer a greater right than he himself has.
 
 See
 
 La. C.C. arts. 646 and 697;
 
 see also Wright v. Dept. of Highways,
 
 342 So.2d 230 (La.App. 1st Cir.1977). In
 
 American Tel. & Tel.Co. v. East End Realty Co.,
 
 223 La. 532, 66 So.2d 327 (1953), the Louisiana Supreme Court held that where land owners had just granted a highway right of way to the State Highway Commission, a telephone company (which had secured a certificate of convenience and necessity from the Director of State Highways) was not entitled to lay even just coaxial cable upon the right of way without giving the land owners additional just and adequate compensation, since laying cable in the right of way constituted an additional use of the servi
 
 *446
 
 tude. Therefore, in the instant ease, the state could only transfer a right that it already had and nothing greater.
 

 In the instant case, no language in the deed transferred full ownership of the property from Mr. Norman to the state. If there was no transfer of ownership, Woodland’s predecessors-in-title were the owners of the property in 1965 when the SWB’s waterline was installed without their permission or knowledge. As such, |,; genuine issues of material fact exist regarding the ownership of the property which makes summary judgment inappropriate in this case.
 

 CONCLUSION
 

 For the above and foregoing reasons, we reverse the trial court’s granting of summary judgment and remand this matter for further proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.