MOORE, J.,
dissents.
hi respectfully dissent, remaining of the view that the district court properly interpreted the four dedications and subsequent documents in this case. The majority has adequately laid out the content of the dedications and correctly identified them as formal dedications. However, it has skirted the law in its zeal to avoid an unpalatable result. The supreme court, in its most recent ruling on the subject, St. Charles Parish School Bd. v. P & L Inv. Corp., 95-2571, p. 5-6 (La.5/21/96), 674 So.2d 218, at 221, plainly stated:
A formal dedication transfers ownership of the property to the public unless it is expressly or impliedly retained.
The majority attempts to circumvent this principle by saying that the dedication in St. Charles was not really formal but only tacit, and hence St. Charles does not govern this case. I do not join in this revisionism of St. Charles; the quoted language means what it says, a transfer of ownership. St. Charles is also consistent with this court’s own jurisprudence in Walker v. Coleman, 540 So.2d 983 (La.App. 2 Cir.1989), which held that the effect of a dedication “to the public of the streets and alleyways” was to “divest the original owner of title and vest it in the political subdivision.”
The four dedications in this case contain no retention or reservation of rights, either express or implied. By contrast, the dedications in Jones Island Realty Co. v. Middendorf, 191 La. 456, 185 So. 881 (1939), and in Texas & Pac. Ry. Co. v. Ellerbe, 199 La. 489, 6 So.2d 556 (1942), prominently *781 cited by the majority, plainly dedicated only a “portion of the right of way” and “the right of way now occupied,” thus conferring only a ^servitude. Jones Island and Ellerbe do not govern this case. Likewise, the quotation from A.N. Yiannopou-los, 3 Predial Servitudes § 130 (4 ed.2004), is limited to “instrument[s] granting a right of way” and “granting servitudes” and thus has no application here.
I also am unpersuaded that the provisions “to the public use, for a public road” and “to be used for public road purposes only” in the four dedications retain or reserve any interest to the donors. A statement of purpose merely makes the dedication an onerous donation. Orleans Parish School Bd. v. Campbell, 241 La. 1029, 132 So.2d 885 (1961). A purpose is crucial to the cause of the dedication. Boutte Assembly of God Inc. v. Champagne, 00-340 (La.App. 5 Cir. 12/27/00), 777 So.2d 619. A statement of purpose does not defeat the tenor of the dedication.
Unlike the majority, I would not assign any probative value to the 1930 “engineer letter.” It is rank hearsay, being unsigned and its author never identified; even if a parish engineer actually wrote it, relying on it would be akin to asking a nurse’s aide whether a surgeon committed medical malpractice, or asking a bank teller whether a certain security is a good investment.
I am equally unconvinced that either the 1957 or 1983 resolution constituted a “formal act” sufficient to revoke the dedications under State v. Scramuzza, 96-1796 (La.4/8/97), 692 So.2d 1024. A resolution is a “mere expression of an opinion” or “mere expression of a view,” not a formal action. Joint Legislative Comm. v. Strain, 263 La. 488, 268 So.2d 629 (1972). The cases relied on by the majority, like Jaenke v. Taylor, 160 La. 109, 106 So. 711 (1926), did not question the sufficiency of the public act or distinguish between a resolution and a formal act. (A resolution is often a weak alternative or “consolation prize” when a bill cannot pass the whole legislative body.) Finally, I must observe that the 1983 resolution, even taken at face value, does not say what the majority (and especially the concurrence) makes it say. By its own terms, it applies only to “dedications of public road rights-of-way,” not to conveyances of full ownership, and affects “all present and future claims to fee title,” not preexisting rights. This document does not revoke the four dedications in this case.
I certainly understand the majority’s indignation at the prospect of declaring that these formally dedicated roadbeds belong to Caddo Parish rather than to the owners of the adjoining land. In light of the serious implications for public policy, it is perhaps time for the supreme court to revisit its pronouncement in St. Charles and affirm, clarify or reverse a ruling that seemed less controversial before the Haynesville Shale boom. Until it does so, I would follow the guidance of St. Charles and affirm the judgments of the district court.