HIGGINBOTHAM, J.,
concurs in the result and assigns additional reasons.
|¶1 respectfully submit that the majority opinion unnecessarily discusses the meaning of the term “expenses incurred” as used in the Travelers’ policy, because the meaning of the term is subject to interpretation of the parties’ intent, and is therefore, inappropriate for summary judgment.[1] However, I agree with the majority’s conclusion that the trial court properly denied Travelers’ motion for summary judgment, since I find there are genuine issues of material fact regarding the intentions of the parties as to the meaning of “expenses incurred.” Thus, I agree that Travelers’ writ application should be denied.
For these additional reasons, I concur in the result of the majority opinion.

. Even though summary judgment is favored, it is not a substitute for trial on the merits, and it is inappropriate for judicial determination of subjective facts, such as motive, intent, good faith or knowledge that call for credibility evaluations and the weighing of testimony. S.J. v. Lafayette Parish School Bd., 2006-2862 (La.6/29/07), 959 So.2d 884, 887; Carter v. BRMAP, 591 So.2d 1184, 1189 (La.App. 1st Cir.1991). Moreover, it is not a function of the trial court on a motion for summary judgment to determine or even inquire into the merits of issues raised or to weigh conflicting evidence on the existence of material facts. Harrison v. Parker, 31,844 (La.App.2d Cir.5/5/99), 737 So.2d 160, 163-164, writ denied, 99-1597 (La.9/17/99), 747 So.2d 565. If reasonable minds could differ as to an issue of material fact, summary judgment is improper. Woodland Properties, L.L.C. v. New Orleans Sewerage and Water Bd., 2010-0331 (La.App.4th Cir.9/29/10), 49 So.3d 443, 445. Given the weighing of factual evidence generally necessaiy to determine a party’s intent at the time of contracting, such issues are rarely appropriate for resolution by summary judgment. See Eskind v. Marcel, 2006-0369 (La.App.1st Cir. 12/28/06), 951 So.2d 289, 292. See also Carter v. BRMAP, 591 So.2d at 1189 (“where a contract is ambiguous and the intent of the parties becomes a question of fact, granting a summary judgment is not appropriate”). Rather than adhering to a forced meaning of a doubtful term used in the contract the trial court may consider all pertinent facts and circumstances surrounding the parties at the time of contracting, as well as die parties’ own conclusions about the terms of the contract. La. Civ. Code art. 2053; Naquin v. Louisiana Power & Light Co., 2005-2103 (La.App.1st Cir.9/15/06), 943 So.2d 1156, 1161, writ denied, 2006-2476 (La.12/15/06), 945 So.2d 691.