STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-225

GOAL PROPERTIES, INC.

VERSUS

JANET CRAIG PRESTRIDGE, ET AL.

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 235,189
HONORABLE GEORGE C. METOYER JR, DISTRICT JUDGE

**********

SHANNON J. GREMILLION
JUDGE

**********

Court composed of Jimmie C. Peters, Billy Howard Ezell, and Shannon J. Gremillion, Judges.

**REVERSED AND REMANDED.**

Gregory Engelsman
Bolen, Parker, Brenner, Lee & Engelsman, Ltd.
P. O. Box 11590
Alexandria, LA 71315-1590
(318) 445-8236
COUNSEL FOR PLAINTIFF/APPELLANT:
    Goal Properties, Inc.

**Brian K. Thompson**
**Law Office of Brian K. Thompson, APLC**
**2915 Jackson Street**
**P.O. Box 13984**
**Alexandria, LA 71301**
**(318) 473-0052**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Janet Craig Prestridge**
    **Joan Craig Sonnier**
    **James Robert Craig**

**GREMILLION, Judge.**

The plaintiff/appellant, Goal Properties, Inc. (Goal), appeals the judgment in favor of the defendants/appellees, Janet Craig Prestridge, Joan Craig Sonnier, and James Craig (Appellees). For the reasons that follow, we reverse and remand for proceedings consistent with this decision.

### FACTS AND PROCEDURAL HISTORY

This matter began when Goal filed a possessory action against the appellees in which it asserted its right to possess a tract of land in Rapides Parish. Goal's suit reaches this court for the second time. This court dismissed its original appeal because of deficiencies in the first judgment. *Goal Properties, Inc. v. Prestridge*, 14-422 (La.App. 3 Cir. 11/5/14), 150 So.3d 610. The dispute involves the eastern boundary of Goal's land and the western boundary of the Appellees' property.

Goal acquired ownership in Section 7, T2N-R2E on the Red River. Appellees own land to Goal's east. Goal maintains that it possessed and is entitled to possess land up to the boundary established by an ancient fence. When Appellees attempted to construct a new fence on Goal's side of the ancient fence, the action was commenced. In their "Answer and Reconventional Demand," Appellees alleged, pertinently, the following:

VII.

> "HEIRS" [Appellees] would further show that regardless of the mistaken survey by Barrett Gremillion, the disputed portion of land has always been in the possession of the ancestors in title of the HEIRS for the past 75 years and as such they are entitled to be recognized as the legal owners of the disputed portion.

Further, in their prayer, Appellees prayed that, among other relief:

> 3. After due proceedings had, there be judgment herein in favor of defendants/plaintiffs-in-reconvention, JANET CRAIG

PRESTRIDGE; JOAN CRAIG SONNIER and JAMES ROBERT CRAIG, recognizing them as legal owners of the subject property[.]

Appellees later filed a "First Supplemental and Amending Reconventional Demand," which sought to add paragraphs 7(b) and (c) to allege:

VII (b).

"HEIRS" would further show that it was the intention of all vendors of the property, including James H. Craig, to convey the entirety of the property conveyed by the heirs of A.B. Ryland as indicated on each and every deed with the following language attempting to identify all transfers of title:

"It is declared to be the intention to transfer to the purchaser herein all of the land owned by A.B. Ryland at his death and to which the vendors herein are the heirs, whether the same be herein described, or has been described in the probate proceedings taken in the matter of the death of A.B. Ryland, and whether herein correctly described or not."

VII (c).

"HEIRS" would further show that regardless of the mistaken survey by Barrett Gremillion, the disputed portion of land has always been in the possession of the ancestors in title of the HEIRS for the past 75 years and as such they are entitled to be recognized as the legal owners of the following described property:

"A certain piece, parcel or tract: of land together with all buildings and improvements thereon, and all rights, ways and privileges thereunto appertaining or belonging, lying, being and situated in the Parish of Rapides, State of Louisiana, and being more particularly described as follows, to-wit:
The Southeast Quarter of the Southeast Quarter (SE ¼ of SE ¼), of Section Seven (7) Township Two North, Range Two East (T2N,R2E), and a certain tract of Seventy (70) acres or more situated in said Section 7, said tract being bound on the West by Red River, South by the North line of the Southeast Quarter of the Southeast Quarter (SE ¼ of SE ¼) of said Section 7, on the East by the East line of said Section 7, and on the North by lands now or formerly belonging to Ryland, together with all accretion thereto from change of course of Red River."

2

Goal argued at the commencement of trial that it had filed a possessory action and that Appellees had responded with a reconventional demand that constituted a petitory action. As the petitioners in a petitory action, Goal argued, Appellees bore the burden of proof and were required to proceed as plaintiffs. Appellees argued that their matter was a possessory action and Goal must proceed as plaintiff. The trial court allowed Appellees to participate as petitioners in a possessory action, ruling that Appellees were asking that they be declared owners of the property through possession versus title, which should be properly tried as a possessory action. Following trial on the merits, the trial court rendered judgment in favor of defendants.

## ASSIGNMENTS OF ERROR

Goal assigns six errors for review, which can be distilled into four:

1. The trial court's erred in allowing Appellees to proceed in the role as defendants in a possessory action rather than as plaintiffs in a petitory action;

2. The trial court's judgment should not have awarded Appellees possession of the disputed land when, by instituting a petitory action, Appellees had confessed Goal's possession of the property;

3. The trial court manifestly erred in awarding Appellees possession; and

4. The demand for possession by Appellees was barred by prescription.

## ANALYSIS

The Louisiana Civil Code distinguishes "possession" from "ownership." "Possession is the detention or enjoyment of a corporeal thing, movable or immovable, that one holds or exercises for himself or by another who keeps or exercises it in his name." La.Civ.Code art. 3421. "A possessor is considered provisionally as owner of the thing he possesses until the right of the true owner is

established." La.Civ.Code art. 3423. "[O]ne who has possessed a thing for over a year acquires the right to possess it." La.Civ.Code art. 3422.

"Ownership is the right that confers on a person direct, immediate, and exclusive authority over a thing. The owner of a thing may use, enjoy, and dispose of it within the limits and under the conditions established by law." La.Civ.Code art. 477. "Ownership exists independently of any exercise of it and may not be lost by nonuse. Ownership is lost when acquisitive prescription accrues in favor of an adverse possessor." La.Civ.Code art. 481. Possession is lost, by contrast, by abandonment or eviction through force or usurpation. La.Civ.Code art. 3433.

The rights of ownership or possession against another claimant are asserted by the petitory or possessory actions, as set forth in Book VII, Title II, of the Louisiana Code of Civil Procedure. The petitory action is defined by La.Code Civ.P. art. 3651 as, "one brought by a person who claims the ownership, but who is not in possession, of immovable property or of a real right therein, against another who is in possession or who claims the ownership thereof adversely, to obtain judgment recognizing the plaintiff's ownership."
The possessory action is defined in La.Code Civ.P. art. 3655 as, "one brought by the possessor of immovable property or of a real right therein to be maintained in his possession of the property or enjoyment of the right when he has been disturbed, or to be restored to the possession or enjoyment thereof when he has been evicted."

Louisiana Code of Civil Procedure Article 3657 provides that petitory and possessory actions may not be cumulated or pled in the alternative. It further provides, "When, except as provided in [La.Code Civ.P. art.] 3661(1)-(3), the defendant in a possessory action asserts title in himself, in the alternative or

4

otherwise, he thereby converts the suit into a petitory action, and judicially confesses the possession of the plaintiff in the possessory action." The exceptions recognized in La.Code Civ.P. art. 3661(1)-(3) recognize a party's right to introduce evidence of ownership only to prove his possession as owner, the extent of his possession, or the length of time he and his ancestors in title have had possession of the property.

These provisions force litigants to walk a fine line between asserting possession as owner and asserting ownership, and thereby converting a possessory action into a petitory action. This court has noted that "incidental allegations of ownership by a party" do not convert a possessory action into a petitory action, "where the pleadings as a whole *and especially the prayer* show that possessory and not petitory relief is what is sought." *Haas Land Co., Ltd. v. O'Quin*, 187 So.2d 208, 211 (La.App. 3 Cir. 1966)(citations omitted)(emphasis added).

The matter at bar is directly on point with *Sylvester v. Qualls*, 520 So.2d 1030 (La.App. 3 Cir. 1987). In *Sylvester*, plaintiff filed a possessory action alleging his possession of a large tract in St. Landry Parish. The defendant answered and alleged ownership of the tract and prayed for judgment recognizing her as the owner. The case was tried as a possessory action and judgment was signed recognizing the plaintiff's possession. The defendant appealed. We remanded the case for trial of the petitory action with the burden on the defendant to assert her claims of ownership.

Here, Appellees not only alleged ownership in their "Answer and Reconventional Demand," and supplemental pleading, they also prayed that judgment be rendered recognizing their ownership. The matter was unequivocally converted from a possessory action to a petitory action. The trial court erred as a

5

matter of law in allowing the matter to proceed as a possessory action and in placing the burden of proof on Goal. We reverse the trial court's judgment and remand the matter to the trial court for proceedings consistent with this opinion, specifically, that the matter be tried as a petitory action with Appellees as the plaintiffs therein.

**REVERSED AND REMANDED.**