HUGHES, J.,
dissenting.
I respectfully dissent. As this court has previously recognized, plaintiff has stated a cause of action for possession. Plaintiff claims its possession has been interrupted physically by having locks changed and by a disturbance in law through a fraudulent Act óf Sale filed into the Public Records. Plaintiff⅜ has not pleaded ownership. Ás has been noted in the jurisprudence, litigants in a possessory action must walk a fine line to avoid invoking a petitory action. See Goal Properties, Inc. v. Prestridge, 15-225 (La.App. 3 Cir. 10/7/15), 177 So.3d 126, 129. When the courts recognize “implieitedly” or “in essence” a claim not specifically made, they do the litigants and property law in general a disservice. Therefore I would grant the writ to reverse the exception mí no cause-of action that was granted and allow the matter to proceed to trial.
Instead, faced with dismissal, this court gives plaintiffs another opportunity to amend its petition, not to plead additional facts to support a cause of action heretofore found lacking on the facts pleaded, but rather to “remove the objection raised by the exception, of no cause of action.” Presumably this vague phrase used by the majority refers to the allegations that the Act of Sale is fraudulent and the prayer that it be nullified. This will deprive the plaintiff of its argument that -- its ^possession has been disturbed in law. If defendants wish to rely on the Act of Sale to prove ownership, they should have the burden of proof. By forcing plaintiff to now assert the petitory action in order to avoid dismissal, the courts have wrongfully shifted the burden of proof on ownership from défendants to plaintiffs. ■